## UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| James Ronald Driggers, | * |
| | * CASE NO: 10-03859 |
| Debtor, | * |
| | *     Chapter 13 |
| Beneficial Alabama, Inc., | * |
| | * |
| Plaintiff/Counter-Defendant, | * |
| | * |
| v. | *Adversary Proceeding No.: 10-00097 |
| | * |
| James R. Driggers, | * |
| | * |
| Defendant/Counter-Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Beneficial Alabama, Inc., | * |
| Counterclaim Defendant | * |
| | * |
| Counter-Defendant. | * |

## NOTICE OF REMOVAL

COMES NOW the Defendant/Counter-Plaintiff, James R. Driggers, an individual, and pursuant to 28 U.S.C. § 1452(a), files this Notice of Removal and thereby removes this action from the Circuit Court of Baldwin County, Alabama to the United States Bankruptcy Court for the Southern District of Alabama, Southern Division. This Defendant is the only defendant in the case. In support of the removal the Defendant shows as follows:

1.     This action is removable under 28 U.S.C. § 28 U.S.C. § 1452(a) because it is a civil action over which this Court has "related to" jurisdiction under the provisions of 28 U.S.C. § 1334(b).

2.     This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

3.     James R. Driggers, is a debtor under 11 U.S.C. § 1301 et seq., and his bankruptcy

case which is pending in this district.

4.    The Plaintiff, Beneficial Alabama, Inc. has its principal place of business in Montgomery Alabama.

5.    Written notice of the filing of this Notice of Removal is being sent to Plaintiffs' attorney being the only adverse party. A duplicate copy of the Notice of Removal is also being filed with the Clerk of the Circuit Court of Baldwin County as Provided by 28 U.S.C. § 1446(d).

6.    The undersigned has read this Notice of Removal and to the best of the undersigned's knowledge, information and belief formed after a reasonable inquiry that it is well grounded in fact as well as warranted by existing law.   The undersigned certifies that this Notice of Removal is not being interposed for any improper purpose, such as to cause unnecessary delay or needless increase of the cost of litigation.

  /s/ Earl P. Underwood, Jr.

Earl P. Underwood, Jr. (UNDEE6591)

Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
251.990.5558 (voice)
251.990.0626 (fax)
epunderwood@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on October 8th 2010, I electronically filed the foregoing with the Clerk of the Court using the ecf system which will send notification of such filing to following:

Marcus Maples
Greggory M. Deitsch
Sirote & Permutt, PC
PO Box 55727
Birmingham AL 35255

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| James Ronald Driggers, | * |
| | * CASE NO: 10-03859 |
| Debtor, | * |
| | * Chapter 13 |
| Beneficial Alabama, Inc., | * |
| | * |
| Plaintiff/Counter-Defendant, | * |
| | * |
| v. | *Adversary Proceeding No.: 10-00097 |
| | * |
| James R. Driggers, | * |
| | * |
| Defendant/Counter-Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Beneficial Alabama, Inc., | * |
| Counterclaim Defendant | * |
| | * |
| Counter-Defendant. | * |

## NOTICE OF REMOVAL

COMES NOW the Defendant/Counter-Plaintiff, James R. Driggers, an individual, and

pursuant to 28 U.S.C. § 1452(a), files this Notice of Removal and thereby removes this action

from the Circuit Court of Baldwin County, Alabama to the United States Bankruptcy Court for

the Southern District of Alabama, Southern Division. This Defendant is the only defendant in the

case. In support of the removal the Defendant shows as follows:

1. This action is removable under 28 U.S.C. § 28 U.S.C. § 1452(a) because it is a

civil action over which this Court has "related to" jurisdiction under the provisions of 28 U.S.C.

§ 1334(b).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

3. James R. Driggers, is a debtor under 11 U.S.C. § 1301 et seq., and his bankruptcy

case which is pending in this district.

4.     The Plaintiff, Beneficial Alabama, Inc. has its principal place of business in Montgomery Alabama.

5.     Written notice of the filing of this Notice of Removal is being sent to Plaintiffs' attorney being the only adverse party. A duplicate copy of the Notice of Removal is also being filed with the Clerk of the Circuit Court of Baldwin County as Provided by 28 U.S.C. § 1446(d).

6.     The undersigned has read this Notice of Removal and to the best of the undersigned's knowledge, information and belief formed after a reasonable inquiry that it is well grounded in fact as well as warranted by existing law.   The undersigned certifies that this Notice of Removal is not being interposed for any improper purpose, such as to cause unnecessary delay or needless increase of the cost of litigation.

 /s/ Earl P. Underwood, Jr.

Earl P. Underwood, Jr. (UNDEE6591)

Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
251.990.5558 (voice)
251.990.0626 (fax)
epunderwood@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on October 8th 2010, I electronically filed the foregoing with the Clerk of the Court using the ecf system which will send notification of such filing to following:

Marcus Maples
Greggory M. Deitsch
Sirote & Permutt, PC
PO Box 55727
Birmingham AL 35255

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.

ELECTRONICALLY FILED
5/14/2010 10:29 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| BENEFICIAL ALABAMA, INC, | * |
| | * |
| Plaintiff, | * |
| | * |
| VS. | * CASE NO. |
| | * |
| JAMES R. DRIGGERS, | * |
| | * |
| Defendant. | * |
| | * |
| | * |

## **COMPLAINT**

COMES NOW the Plaintiff in the above-styled cause and represents unto this Honorable Court as follows:

1.  Plaintiff, Beneficial Alabama, Inc, is qualified to do business in Alabama and doing business in Baldwin County, Alabama.

2.  Defendant, James R. Driggers, is over the age of 19 years and is a resident citizen of Baldwin County, Alabama.

3.  Plaintiff avers that by virtue of foreclosure on April 9, 2010, of that certain Mortgage originally between James R. Driggers and Beneficial Alabama, Inc, Beneficial Alabama, Inc is the owner of the following-described real property located and situated in Baldwin County, Alabama, to wit:

> Lot 2 of Sandy Creek III as per plat thereof recorded on slide 1321-B, Probate records, Baldwin County, Alabama.
> Subject, however, to the following:
> Restrictive covenants relating to the use and occupancy thereof as contained in Miscellaneous Book 71, Pages 0254 through 0271, Probate records, Baldwin County.

Also known as **12240 Sandy Creek Dr., Foley, AL 36536**

**However in the event of a discrepancy between the legal description and street address, the legal description shall control.**

A copy of the Foreclosure Deed is attached hereto, incorporated by reference and designated as Exhibit "A".

4.  Plaintiff avers that on or about April 9, 2010, Plaintiff served or caused to be served upon the Defendant written Demand for Possession of the subject real property pursuant to Section 6-5-251 Code of

<u>Alabama</u> (1975). A copy of the aforesaid written Demand for Possession is attached hereto, incorporated by reference and designated as Exhibit "B".

5. Plaintiff avers that Defendant has lost his right to redeem the property.

6. Plaintiff avers that Defendant has failed and refused to vacate the aforesaid property despite Plaintiff's demands to do so.

WHEREFORE, PREMISES CONSIDERED Plaintiff demands possession of the aforesaid real property, together with money damages for the wrongful retention of said real property and an order that the Defendant has forfeited his right to redemption for failing to vacate the property plus such other, further and different relief Plaintiff is entitled under these premises and costs of court.

         _/s/ Greggory M. Deitsch_____
         Greggory M. Deitsch (DEI001)
         Attorney for Plaintiff
         2311 Highland Avenue South
         P.O. Box 55727
         Birmingham, Alabama 35255
         205.930.5225
         Fax: 205.930.5101
         E-Mail: gdeitsch@sirote.com

OF COUNSEL:
SIROTE & PERMUTT, P.C.

PLAINTIFF'S ADDRESS:
c/o Sirote & Permutt, P.C.

DEFENDANT'S ADDRESS:
**James R. Driggers**
**12240 Sandy Creek Dr.**
**Foley, AL 36536**

SEND TAX NOTICE TO:
HSBC
Attention: Tanya Wood
636 Grand Regency Boulevard
Brandon, FL 33510



STATE OF ALABAMA          )

COUNTY OF BALDWIN         )

### FORECLOSURE DEED

KNOW ALL MEN BY THESE PRESENTS, that

WHEREAS, heretofore, on, to-wit: the 13th day of April, 2007, James R. Driggers, unmarried , executed that certain mortgage on real property hereinafter described to Beneficial Alabama, Inc, which said mortgage was recorded in the Office of the Judge of Probate of Baldwin County, Alabama, in Instrument No. 1044057, and

WHEREAS, in and by said mortgage, the Mortgagee was authorized and empowered in case of default in the payment of the indebtedness secured thereby, according to the terms thereof, to sell said property before the Courthouse door in the City of Bay Minette, Baldwin County, Alabama, after giving notice of the time, place, and terms of said sale in some newspaper published in said County by publication once a week for three (3) consecutive weeks prior to said sale at public outcry for cash, to the highest bidder, and said mortgage provided that in case of sale under the power and authority contained in same, the Mortgagee or any person conducting said sale for the Mortgagee was authorized to execute title to the purchaser at said sale; and it was further provided in and by said mortgage that the Mortgagee may bid at the sale and purchase said property if the highest bidder thereof; and

WHEREAS, default was made in the payment of the indebtedness secured by said mortgage, and the said Beneficial Alabama Inc. did declare all of the indebtedness secured by said mortgage, subject to foreclosure as therein provided and did give due and proper notice of the foreclosure of said mortgage by publication in the The Onlooker, a newspaper of general circulation published in Baldwin County, Alabama, in its issues of March 10, 2010, March 17, 2010, and March 24, 2010; and

  

WHEREAS, on April 9, 2010, the day on which the foreclosure was due to be held under the terms of said notice, between the legal hours of sale, said foreclosure was duly conducted, and Beneficial Alabama Inc. did offer for sale and sell at public outcry in front of the Courthouse door in Bay Minette, Baldwin County, Alabama, the property hereinafter described; and

WHEREAS, Garrett Cain was the auctioneer who conducted said foreclosure sale and was the person conducting the sale for the said Beneficial Alabama Inc. ; and

WHEREAS, Beneficial Alabama Inc., was the highest bidder and best bidder in the amount of One Hundred Twenty-Five Thousand Nine Hundred Fifty-Eight And 00/100 Dollars ($125,958.00) on the indebtedness secured by said mortgage, the said Beneficial Alabama Inc., by and through Garrett Cain as auctioneer conducting said sale and as attorney-in-fact for said Mortgagee, does hereby grant, bargain, sell and convey unto Beneficial Alabama Inc., all of its right, title, and interest in and to the following described property situated in Baldwin County, Alabama, to-wit:

> Lot 2 of Sandy Creek III as per plat thereof recorded on slide 1321-B, Probate records, Baldwin County, Alabama.

> Subject, however, to the following:

> Restrictive covenants relating to the use and occupancy thereof as contained in Miscellaneous Book 71, Pages 0254 through 0271, Probate records, Baldwin County.

TO HAVE AND TO HOLD the above described property unto Beneficial Alabama Inc. its successors/heirs and assigns, forever; subject, however, to the statutory rights of redemption from said foreclosure sale on the part of those entitled to redeem as provided by the laws in the State of Alabama; and also subject to all recorded mortgages, encumbrances, recorded or unrecorded easements, liens, taxes, assessments, rights-of-way, and other matters of record in the aforesaid Probate Office.

IN WITNESS WHEREOF, Beneficial Alabama Inc., has caused this instrument to be executed by and through Garrett Cain, as auctioneer conducting said sale and as attorney-in-fact for said Mortgagee, and said Garrett Cain, as said auctioneer and attorney-in-fact for said Mortgagee, has hereto set his/her hand and seal on this April 9, 2010.

 

Beneficial Alabama Inc.
By: _Garrett Cain_
Garrett Cain, Auctioneer and Attorney-in-Fact

STATE OF ALABAMA     )

COUNTY OF _Mobile_     )

    I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that Garrett Cain, whose name as auctioneer and attorney-in-fact for Beneficial Alabama Inc., is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this date, that being informed of the contents of the conveyance, he/she, as such auctioneer and attorney-in-fact and with full authority, executed the same voluntarily on the day the same bears date for and as the act of said Mortgagee.

    Given under my hand and official seal on this April 9, 2010.

Notary Public
My Commission Expires: 12/21/13

This instrument prepared by:
Cynthia W. Williams
SIROTE & PERMUTT, P.C.
P. O. Box 55727
Birmingham, Alabama 35255-5727








CYNTHIA W. WILLIAMS
ATTORNEY AT LAW

April 9, 2010

**VIA CERTIFIED MAIL 7008 1830 0003 4379 4414; 7008 1830 0003 4379 4407**
**RETURN RECEIPT REQUESTED**
**AND U.S. MAIL**

James Driggers
PO Box 361
Foley, AL 36536

12240 Sandy Creek Dr.
Foley, AL 36536

<u>**DEMAND FOR POSSESSION**</u>

       YOU ARE HEREBY NOTIFIED that, on April 9, 2010, the mortgage loan in favor of **Beneficial Alabama Inc.,** secured by real estate located at **12240 Sandy Creek Dr., Foley, AL 36536,** was duly foreclosed in accordance with the Power of Sale contained therein.

       Your attention is respectfully directed to Section 6-5-251, <u>Code of Alabama</u> (1975), which reads as follows:

<u>Delivery of Possession to Purchaser on Demand.</u>

    (a)     The possession of the land must be delivered to the purchaser by the debtor, if in his possession or in the possession of anyone holding under him by privity of title, within ten (10) days after written demand for the possession has been made by the purchaser, vendee, or his agent.

    (b)     If the land is in the possession of a tenant, written notice must be given to the debtor, unless he is a non-resident, and the debtor must direct the tenant to deliver possession or recognize the purchaser as his landlord in the event the lease antedates the mortgage, judgment or levy. If the debtor is a non-resident or cannot be found, notice to the tenant is sufficient, and he must deliver possession within ten (10) days.

    (c)     FAILURE OF THE DEBTOR OR ANYONE HOLDING UNDER HIM TO COMPLY WITH THE PROVISIONS OF THIS SECTION FORFEITS THE RIGHT OF REDEMPTION.

       In accordance with, and pursuant to, the statute set forth above, **written demand is hereby made upon you to deliver possession of the above-described property within ten (10) days. Unless possession is delivered within ten (10) days as set forth herein, the debtor(s)' right of redemption will be forfeited.**

*157794* *Vacate* *G*

*LAW OFFICES AND MEDIATION CENTERS*
2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727
URL  |  *http://www.sirote.com*

The property described in the mortgage was purchased at the foreclosure sale on April 9, 2010, by Beneficial Alabama Inc., and, on behalf of the purchaser, Beneficial Alabama Inc., **demand is hereby made upon you to immediately vacate and deliver possession of the said real estate within ten (10) days.**

This communication is from a debt collector.  If you have any questions in regard to this matter, please feel free to contact me at (205) 930-5102.

DATED THIS 9TH DAY OF APRIL, 2010.

FOR:   Beneficial Alabama Inc.

BY:   /s/
      _____
      Cynthia W. Williams
      ATTORNEY FOR THE PURCHASER

CWW/mlw

cc:    HSBC/Loan #0016824252

## CERTIFICATE OF SERVICE

EXECUTED BY MAILING THE ABOVE **DEMAND FOR POSSESSION** TO THE ABOVE-NAMED PERSON(S) BY U.S. MAIL, CERTIFIED, RETURN RECEIPT REQUESTED, <u>AND</u> BY REGULAR MAIL, ON THIS THE 9th DAY OF April, 2010.

BY:   /s/
      _____
      Cynthia W. Williams
      ATTORNEY FOR THE PURCHASER

*LAW OFFICES AND MEDIATION CENTERS*

2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA  35205

POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA  35255-5727

URL  |  *http://www.sirote.com*

B I R M I N G H A M   |   H u n t s v i l l e   |   M o b i l e

## GENERAL INFORMATION

### IN THE CIRCUIT OF BALDWIN COUNTY, ALABAMA
### BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS

**First Plaintiff:** ☑ Business ☐ Individual  **First Defendant:** ☐ Business ☑ Individual
☐ Government ☐ Other  ☐ Government ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☑ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**  A ☐ **APPEAL FROM DISTRICT COURT**  O ☐ **OTHER**

R ☐ **REMANDED**  T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**  _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ Yes  ☑ No

**RELIEF REQUESTED:**  ☐ MONETARY AWARD REQUESTED  ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  DEI001  5/14/2010 10:28:37 AM  /s GREGG DEITSCH

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>05-CV-2010-900867.00 |

## IN THE CIVIL COURT OF BALDWIN, ALABAMA
## BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS

JAMES R. DRIGGERS, 12240 SANDY CREEK DR., FOLEY, AL 36536

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY GREGG DEITSCH

WHOSE ADDRESS IS 2311 HIGHLAND AVENUE SOUTH, BIRMINGHAM, AL 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
   pursuant to the Alabama Rules of the Civil Procedure

| 5/14/2010 10:29:17 AM | /s JODY WISE CAMPBELL | |
| Date | Clerk/Register | By |

☐ Certified mail is hereby requested   _____
                                         Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____
Date                       Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>05-CV-2010-900867.00 |
|---|---|---|

## IN THE CIVIL COURT OF BALDWIN, ALABAMA
## BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS

**NOTICE TO** JAMES R. DRIGGERS, 12240 SANDY CREEK DR., FOLEY, AL 36536

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY GREGG DEITSCH

WHOSE ADDRESS IS 2311 HIGHLAND AVENUE SOUTH, BIRMINGHAM, AL 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
   pursuant to the Alabama Rules of the Civil Procedure

| 5/14/2010 10:29:17 AM | /s JODY WISE CAMPBELL | |
|---|---|---|
| Date | Clerk/Register | By |

☐ Certified mail is hereby requested  _____

Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☑ I certify that I personally delivered a copy of the Summons and Complaint to *James R Driggers*

in *Baldwin*  County, Alabama on *5/22/2010*

*5/22/2010*  *Joe Allen*

Date  Server's Signature

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

MAY 28 2010

JODY W. CAMPBELL
CIRCUIT CLERK


JOE ALLEN
189 MIZE DRIVE
ODENVILLE, AL 35120
(205) 629-7738
(205) 365-6596

## 05-CV-2010-900867.00
BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS

| C001 - BENEFICIAL ALABAMA, INC. | v. | D001 - JAMES R. DRIGGERS |
|---|---|---|
| Plaintiff | | Defendant |

05-CV-2010-900867.00 D001

# SERVICE RETURN COPY

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: DEITSCH GREGGORY MICHAEL
gdeitsch@sirote.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. V. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was served on 5/22/2010

D001 DRIGGERS JAMES R.
PROCESS SERVED

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

AlaFile E-Notice

05-CV-2010-900867.00

To: Earl P Underwood Jr
epunderwood@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following NOTICE OF APPEARANCE was FILED on 6/2/2010 9:25:10 AM

Notice Date:     6/2/2010 9:25:10 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
6/2/2010 9:25 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **BENEFICIAL ALABAMA, INC.** )<br> )<br> **Plaintiff,** )<br> )<br> **vs.** )<br> )<br> **JAMES R. DRIGGERS,** )<br> )<br> )<br> **Defendant.** ) | **CV-2010-900867** |

### NOTICE OF APPEARANCE

Comes now, Earl P. Underwood and requests this Honorable Court enter his name as

counsel for Defendant, James R. Driggers in the above cause.

s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UND008)

Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
Phone: 251.990.5558
Fax:    251.990.0626
epunderwood@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on this, the 2nd day of June, 2010, I electronically filed the foregoing
with the Clerk of the Court using the Alafile system which will send notification of such filing to
all counsel of record.

s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.

**AlaFile E-Notice**

To:  Earl P Underwood Jr
     epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following NOTICE OF APPEARANCE was FILED on 6/2/2010 9:25:10 AM

Notice Date:     6/2/2010 9:25:10 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

05-CV-2010-900867.00

To:  DRIGGERS JAMES R. (PRO SE)
     12240 SANDY CREEK DR.
     FOLEY, AL 36536

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following NOTICE OF APPEARANCE was FILED on 6/2/2010 9:25:10 AM

Notice Date:     6/2/2010 9:25:10 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

05-CV-2010-900867.00

To: DEITSCH GREGGORY MICHAEL
gdeitsch@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following NOTICE OF APPEARANCE was FILED on 6/2/2010 9:25:10 AM

Notice Date:     6/2/2010 9:25:10 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

AlaFile E-Notice

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was FILED on 6/14/2010 2:22:38 PM

Notice Date:     6/14/2010 2:22:38 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
6/14/2010 2:22 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

| | |
|---|---|
| BENEFICIAL ALABAMA, INC., )  | |
| Plaintiff, ) | |
| ) | |
| V. ) | **Case No.:** CV-2010-900867.00 |
| ) | |
| DRIGGERS JAMES R., ) | |
| Defendant. ) | |

**[SCHEDULING ORDER]**

ORDER NON-JURY

1.     SERVICE:  Plaintiff shall perfect service on all Defendants not later than thirty (30) days after filing the Complaint; except, however, where service by publication may be necessary, in which case service shall be perfected not later than sixty (60) days after filing the Complaint.

2.     DISCOVERY:  All discovery must be completed no later than 30 days before the initial trial setting unless additional time is granted by the Court upon written request.

*Parties shall comply with ARCP 5(d) as to non-filing of discovery.  Discovery shall not be attached to motions to compel unless the motion applies to a specific discovery request.*

*Plaintiff must disclose any experts in accordance with ARCP at least 90 days before initial trial setting.  Defendant must disclose any expert in accordance with ARCP at least 60 days before initial trial setting.*

3.     MEDIATION:  The Court recommends and encourages mediation.  Any request for mediation should be made to the Court in writing.

4.     This case is set for trial on OCTOBER 26, 2010; with a docket call at 9:00 am at the Courthouse in Bay Minette, AL (This will be a 1-day non-jury Docket.)

     ALL EXHIBITS ARE TO BE PREMARKED BEFORE TRIAL WITH A LIST PROVIDED TO THE COURT REPORTER AND TO THE COURT.  NO SUMMARY JUDGMENT MOTION WILL BE HEARD WITHIN 30 DAYS OF TRIAL.

     Any document properly certified by custodian of records shall be admissible if given notice 20 days before trial to opposing party/attorney, unless objection is filed at least 14 days before trial.

5.      If this case is expected to last any appreciable time, the parties or their attorneys are urged to request a special setting to avoid inconvenience and waiting.

6.      Any request for deviation from this Order must be in writing by motion properly presented to the Court.


/s/ Robert Wilters

CIRCUIT JUDGE



DONE this 14th day of June, 2010.

/s ROBERT WILTERS

CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF BALDWIN COUNTY ALABAMA

BENEFICIAL ALABAMA, INC

       Plaintiff,

VS.

JAMES R. DRIGGERS

       Defendant.

CASE NO.

CV 2010-900867

## MOTION FOR SUMMARY JUDGMENT

Plaintiff moves the Court, pursuant to Rule 56 of the Alabama Rules of Civil Procedure, to enter a Summary Judgment in the Plaintiff's favor for the relief demanded in its Complaint, on the grounds that there is no genuine issue as to any material fact and that the Plaintiff is entitled to a judgment as a matter of law.

This Motion is based upon the Complaint as filed by the Plaintiff herein, and the Affidavit, with Exhibits, of Magda Awad, Assistant Vice President of Beneficial Alabama, Inc.

## SUMMARY OF UNDISPUTED FACTS

1.    By virtue of foreclosure on April 9, 2010, of that certain mortgage between James R. Driggers and Beneficial Alabama, Inc, Beneficial Alabama, Inc, the plaintiff is the owner of the real property set forth in the complaint. The plaintiff caused to be served upon the defendant a demand for possession of the real property pursuant to section 6-5-251 Code of Alabama (1975) on April 9, 2010. The defendant has failed and refused to vacate the property and in still in possession.

Greggory M. Deitsch (DEI001)
Attorney for Plaintiff
2311 Highland Avenue South
P.O. Box 55727
Birmingham, Alabama 35255
(205) 930-5225

OF COUNSEL:
SIROTE & PERMUTT, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion for Summary Judgment has been served upon Earl Underwood, 21 South Section St, Fairhope, AL 36532 by mailing a copy of same via First Class U.S. Mail, postage prepaid and properly addressed, this the __17__ day of _____June_____, 2010.

Greggory M. Deitsch

AlaFile E-Notice

To: GREGG DEITSCH
gdeitsch@sirote.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was FILED on 6/17/2010 1:02:03 PM

C001 BENEFICIAL ALABAMA, INC.

MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56

[Attorney: DEITSCH GREGGORY M]

Notice Date:     6/17/2010 1:02:03 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

AlaFile E-Notice

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: DEITSCH GREGGORY MICHAEL
gdeitsch@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was FILED on 6/17/2010 1:02:03 PM

C001 BENEFICIAL ALABAMA, INC.
MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56
[Attorney: DEITSCH GREGGORY M]

Notice Date:     6/17/2010 1:02:03 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was FILED on 6/17/2010 1:02:03 PM

C001 BENEFICIAL ALABAMA, INC.

MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56

[Attorney: DEITSCH GREGGORY M]

Notice Date:        6/17/2010 1:02:03 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

AlaFile E-Notice

To:   Earl P Underwood Jr
      epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following answer was FILED on 6/21/2010 5:09:36 PM

Notice Date:      6/21/2010 5:09:36 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
6/21/2010 5:09 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **Beneficial Alabama Inc.** | * |
| | * |
| **Plaintiff/Counter-Defendant,** | * |
| | * |
| **v.** | *   **CV-2010-900867** |
| | * |
| **James R. Driggers,** | * |
| | * |
| **Defendant/Counter-Plaintiff,** | * |
| | * |
| **v.** | * |
| | * |
| **Beneficial Alabama, Inc.,** | * |
| | * |
| **Counterclaim Defendant.** | * |

### ANSWER AND COUNTERCLAIM

COMES NOW the Defendant in the above-styled cause and in reply to the Plaintiff's complaint responds as follows:

1.    Admitted.

2.    Admitted.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Admitted.

### AFFIRMATIVE DEFENSES

7.    The plaintiff received no title to the defendant's property because the foreclosure was void.

8.  The title taken to the property by the plaintiff is of no effect and void because the underlying foreclosure was commenced in violation of law on one or more of the following grounds:

a.  The foreclosing entity lacked standing to foreclose; that is, it did not own the note and mortgage at the time that it instituted the foreclosure action.

b.  The foreclosure was taken in violation of law in that the foreclosing entity was bound by an agreement to cure any default by way of a forbearance or loan modification with the defendant prior to completing its foreclosure such that there was no default on the loan at the time that the foreclosure sale took place.

c.  The foreclosure was taken in violation of law because the alleged default was exaggerated, inflated and based upon improper and illegal mortgage servicing practices on the part of the foreclosing entity and its agents or employees.

d.  The foreclosure is voidable in that the foreclosure sale was completed by fraud, deceit or trickery on the part of the foreclosing entity and its agents, employees or servants.

e.  The foreclosing entity failed to strictly comply with the requirements set out in Alabama law with respect to notice, time and place and other legal provisions thereby rendering the foreclosure void.

9.  The plaintiff is not the real party in interest and has no standing to bring this case.

10.  Plaintiff has no legal title to the subject real property and has no standing to bring its claims.

11.  Plaintiff has failed to state a claim upon which relief may be granted.

12.  Plaintiff has failed to mitigate its damages.

13.     Plaintiff's claim for relief is barred by the equitable doctrines of estoppel and/or waiver.

14.     Plaintiff's claim for relief is barred by the equitable doctrine of unclean hands.

15.     The plaintiff has not complied with the Code of Alabama § 6-5-251 et. seq.

16.     The plaintiff has not complied with Code of Alabama § 6-6-280.

17.     The foreclosure is void pursuant to Code of Alabama § 10-2B-15.02(a) because the foreclosing entity has not qualified to do business in Alabama.

18.     The foreclosing entity has not complied with Code of Alabama § 35-10-12.

19.     The foreclosing entity has not complied with Code of Alabama § 35-10-13.

20.     The foreclosure is void because the foreclosing entity did not comply with Code of Alabama § 35-10-14.

21.     Driggers' loan was not in default and therefore the acceleration of the loan was improper and in violation of the parties' contract.

22.     The foreclosing entity failed to put Driggers into a modification agreement which would have cured any alleged default.

23.     The foreclosing entity failed to comply with applicable mortgage servicing regulations, guidelines and agreements and, as such, a condition precedent to acceleration. The foreclosure is therefore void.

24.     The servicer of the loan failed to offer pre-foreclosure loss mitigation as required by the Pooling and Servicing Agreement or a PSA that covers the loan and the foreclosure is therefore void.

25.     Mr. Driggers pleads the allegations of his counter-claim in defense hereto.

26.     Driggers reserves the right to amend his answer after discovery.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT

## THE PARTIES

27.     Mr. Driggers is a resident of Baldwin County, Alabama.

28.     Beneficial Alabama, Inc., (ōBeneficialö) is a corporation.

## FACTUAL ALLEGATIONS

29.     On April 13th 2007, Mr. Driggers entered into a residential mortgage transaction with Beneficial which extended consumer credit that was subject to a finance charge.

30.     On that date and occasion, Driggers executed a note in favor of Beneficial.

31.     During 2009 and 2010, Mr. Driggers had trouble making his mortgage payments to Beneficial because his hours at work had been reduced.

32.     He had discussed his problem with counselors at Beneficial and was told that they were working something out to help him get his loan current.

33.     At all times pertinent hereto, Mr. Driggers received his mail, including his statements from Beneficial, at a post office box.

34.     Mr. Driggers was surprised when, he received a letter from the Sirote law firm, on behalf of Beneficial, stating that a foreclosure had taken place because he had not received any notice of the foreclosure and had no knowledge of it.

35.     He called the Sirote law firm and Beneficial inquiring about the foreclosure and was told that the foreclosure notices were mailed to his home address.

36.     Mr. Driggers does not receive mail at his home address and, at all relevant times, does not even have a mailbox there.

37.     At the time of the alleged default on the mortgage and at the time of the foreclosure, Beneficial was not the real party in interest because it did not possess the right to enforce the remedies allowed by any default.

38.     On information and belief, at all times relevant herein, Mr. Driggers' loan had been "securitized" or sold to investors as part of a "mortgage pool" or other investment vehicle.

39.     On information and belief, his loan had been assigned and Beneficial was only a servicer of the loan and not the owner or the person entitled to the payments.

40.     Beneficial failed to comply with applicable mortgage servicing regulations, guidelines and agreements and conditions precedent to acceleration and the foreclosure is therefore void.

41.     Beneficial, as the servicer of the loan, failed to offer pre-foreclosure loss mitigation as required by the Pooling and Servicing Agreement or a PSA that covers the loan and the foreclosure is therefore void.

42.     At all times relevant herein, the note and right to collect the monies due thereunder did not belong Beneficial but instead the loan was securitized and those rights belonged to investors or a trustee.

43.     Beneficial is not the holder of his note or the "person, or the personal representative of any person who, by assignment or otherwise, [is] entitled to the money thus secured," as required by Alabama Code § 35-10-1.

44.     As a result of the actions of Beneficial and the fictitious defendants to this action, Driggers has lost title to his home, suffered financial loss, damage to his reputation and great mental anguish.

## COUNTERCLAIM

## COUNT ONE

## NEGLIGENCE

45.     The relevant allegations stated in the above paragraphs are incorporated as if fully asserted herein.

46.     Beneficial is negligently trying to eject Driggers from his home because the foreclosure performed by it was void.

47.     As a direct result of Beneficial's negligence, Driggers was injured and damaged as alleged above and has suffered mental anguish, economic injury.

48.     As a result, thereof, Beneficial is liable for all natural, proximate and consequential damages due to its negligence.

## COUNT TWO

## WANTONNESS

49.     The relevant allegations stated in the above paragraphs are incorporated as if fully asserted herein.

50.     Beneficial, with reckless indifference to the consequences, consciously and intentionally acted to eject Driggers from his home since the foreclosure was/is void.

51.     Beneficial, with reckless indifference to the consequences, knowingly, consciously and intentionally instituted this action with actual knowledge that Driggers' home does not belong to it.

52.     These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for Beneficial and its investors.

53.     As a result, Beneficial is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages upon a proper evidentiary showing.

## COUNT THREE

## ABUSE OF PROCESS

54.     The relevant allegations stated in the above paragraphs are incorporated as if fully asserted herein.

55.     Beneficial maliciously obtained the issuance of a process of ejectment, from the Circuit Court of Baldwin County, Alabama and had it served on Driggers.

56.     Beneficial abused the said process because it is attempting to kick Mr. Driggers from his home with actual knowledge that the foreclosure sale is void.

57.     Although Beneficial was on notice at all pertinent times that the foreclosure was void, it filed the instant action in an effort to coerce Mr. Driggers into acquiescing to the wrongful foreclosure and giving up his home.

58.     Such conduct constitutes an abuse of process.

59.     As the proximate cause of Beneficial¢s abuse of process, Driggers suffered injuries and damages, also, reasonable attorney¢s fees incurred in defending the abusive writ.

60.     Driggers claims punitive damages of the plaintiff/counter defendant, Beneficial.

## COUNT FOUR

## SLANDER OF TITLE

61.     The relevant allegations stated in the above paragraphs are incorporated as if fully asserted herein.

62.     Beneficial, in filing a foreclosure deed ó which is void - has caused a cloud on the title of the property of Mr. Driggers.

63.     As the proximate cause of Beneficial said slandering of Driggersø title, he has suffered injuries and damages.

Wherefore Driggers claims actual and punitive damages, as determined by a jury, of Plaintiff, Beneficial.

## COUNT FIVE

## DECLARATORY AND INJUNCTIVE RELIEF

64.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

65.     The purported foreclosure sale was wrongful and not conducted in accordance with the applicable law.

66.     There exists a justiciable dispute as to the payments made by Driggers, the application of those payments and whether Driggers was in default at the time of the foreclosure.

67.     There exists a justiciable dispute as to the title conveyed to Beneficial, its standing and power to foreclose and the validity of the alleged foreclosure.

68.     Mr. Driggers offers to do equity.

WHEREFORE, Mr. Driggers requests that this Court exercise its equitable powers and issue an Order providing the following injunctive and declaratory relief:

A.     A declaration that the foreclosure was void, wrongful and conducted in the absence of any right to foreclose;

B.     A declaration that Beneficial has no valid claim to possession of the subject property; and

C.     That Beneficial be ordered to provide a full accounting of all payments received from the inception of the mortgage to the foreclosure and explanation of how those payments were allocated;

D.     Such other and further relief as the Court deems appropriate the premises considered.

Respectfully submitted June 21st 2010.

> s/ Earl P. Underwood, Jr.
> Earl P. Underwood, Jr. (UND008)
> Underwood & Riemer, PC
> Fairhope, AL 36533-0969
> 251-990-5558 (voice)
> 251-990-0626 (fax)
> epunderwood@alalaw.com

**DEFENDANT/COUNTERCLAIM PLAINTIFF**

**DEMANDS A TRIAL BY JURY IN THIS MATTER**

> s/ Earl P. Underwood, Jr.
> Earl P. Underwood, Jr.

CERTIFICATE OF SERVICE

I hereby certify that on June 21st 2010, I electronically filed the foregoing with the Clerk of the Court using the Alafile system which will send notification of such filing to all counsel of record.

> /s/ Earl P. Underwood, Jr.
> Earl P. Underwood, Jr.

AlaFile E-Notice

05-CV-2010-900867.00

To: Earl P Underwood Jr
epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following discovery was FILED on 6/21/2010 5:23:24 PM

Notice Date:     6/21/2010 5:23:24 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
6/21/2010 5:23 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

# IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| Beneficial Alabama Inc. | * |
| | * |
| Plaintiff/Counter-Defendant, | * |
| | * |
| v. | *     **CV-2010-900867** |
| | * |
| James R. Driggers, | * |
| | * |
| Defendant/Counter-Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Beneficial Alabama, Inc., | * |
| | * |
| Counterclaim Defendant. | * |

## NOTICE OF SERVICE OF DISCOVERY MATERIAL
## AND CERTIFICATE OF SERVICE

| | |
|---|---|
| | Interrogatories to Plaintiff |
| | Interrogatories to Defendant, |
| | Request for Production to the Defendant, |
| | Request for Admission to Defendant, |
| | Plaintiff's Response to Request for Production. |
| | Response of Request for Admissions. |
| XX | Notice of Deposition of Magda Awad |
| XX | Notice of 30 (b)(6)Deposition of Beneficial |

I hereby certify that a copy of the above-designated discovery has been served upon the following by mailing a copy of the same by United States Mail, properly addressed, with first class postage on this 21st day of June 2010.

Greggory M. Deitsch
Sirote & Permutt, PC
PO Box 55727
Birmingham, AL 35255

/s/ Earl P. Underwood, Jr.
**Earl P. Underwood, Jr. (UND008)**
**Underwood & Riemer, PC**
**21 South Section Street**
**Fairhope, AL 36532**
**(251) 990-5558**

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was SET FOR HEARING

C001 BENEFICIAL ALABAMA, INC.

MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56

[Attorney: DEITSCH GREGGORY M]

Hearing Date:      07/13/2010
Hearing Time:      09:00:00 AM
Location:          8

Notice Date:       6/21/2010 2:56:49 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

AlaFile E-Notice

To:   Earl P Underwood Jr
      epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following discovery was FILED on 6/22/2010 5:01:39 PM

Notice Date:      6/22/2010 5:01:39 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
6/22/2010 5:01 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

# IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| Beneficial Alabama Inc. | * |
| | * |
| Plaintiff/Counter-Defendant, | * |
| | * |
| v. | *   **CV-2010-900867** |
| | * |
| James R. Driggers, | * |
| | * |
| Defendant/Counter-Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Beneficial Alabama, Inc., | * |
| | * |
| Counterclaim Defendant. | * |

## NOTICE OF SERVICE OF DISCOVERY MATERIAL
## AND CERTIFICATE OF SERVICE

| | |
|---|---|
| | Interrogatories to Plaintiff |
| xx | Interrogatories to Defendant, |
| | Request for Production to the Defendant, |
| xx | Request for Admission to Defendant, |
| | Plaintiff's Response to Request for Production. |
| | Response of Request for Admissions. |
| | Notice of Deposition of Magda Awad |
| | Notice of 30 (b)(6)Deposition of Beneficial |

I hereby certify that a copy of the above-designated discovery has been served upon the following by mailing a copy of the same by United States Mail, properly addressed, with first class postage on this 22nd day of June 2010.

Greggory M. Deitsch
Sirote & Permutt, PC
PO Box 55727
Birmingham, AL 35255

/s/ Earl P. Underwood, Jr.
**Earl P. Underwood, Jr. (UND008)**
**Underwood & Riemer, PC**
**21 South Section Street**
**Fairhope, AL  36532**
**(251) 990-5558**

AlaFile E-Notice

05-CV-2010-900867.00

To:   UNDERWOOD EARL PRICE JR
      epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following discovery was FILED on 6/23/2010 10:02:51 AM

Notice Date:      6/23/2010 10:02:51 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
6/23/2010 10:02 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

# IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| Beneficial Alabama Inc. | * |
| | * |
| Plaintiff/Counter-Defendant, | * |
| | * |
| v. | *      **CV-2010-900867** |
| | * |
| James R. Driggers, | * |
| | * |
| Defendant/Counter-Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Beneficial Alabama, Inc., | * |
| | * |
| Counterclaim Defendant. | * |

## NOTICE OF SERVICE OF DISCOVERY MATERIAL
## AND CERTIFICATE OF SERVICE

| | |
|---|---|
| | Interrogatories to Plaintiff |
| | Interrogatories to Defendant, |
| xx | Request for Production to Beneficial Alabama, Inc. |
| | Request for Admission to Defendant, |
| | Plaintiff's Response to Request for Production. |
| | Response of Request for Admissions. |
| | Notice of Deposition of Magda Awad |
| | Notice of 30 (b)(6)Deposition of Beneficial |

I hereby certify that a copy of the above-designated discovery has been served upon the following by mailing a copy of the same by United States Mail, properly addressed, with first class postage on this 23rd day of June 2010.

Greggory M. Deitsch
Sirote & Permutt, PC
PO Box 55727
Birmingham, AL 35255

/s/ Earl P. Underwood, Jr._____
**Earl P. Underwood, Jr. (UND008)**
**Underwood & Riemer, PC**
**21 South Section Street**
**Fairhope, AL  36532**
**(251) 990-5558**

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To:   Earl P Underwood Jr
      epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was FILED on 7/9/2010 4:25:29 PM

D001 DRIGGERS JAMES R.

MOTION TO CONTINUE

[Attorney: UNDERWOOD EARL PRICE JR]

Notice Date:      7/9/2010 4:25:29 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
7/9/2010 4:25 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

# STATE OF ALABAMA
Unified Judicial System

05-BALDWIN

Revised 3/5/08

Case No.

☐ District Court  ☑ Circuit Court

CV20

## CIVIL MOTION COVER SHEET

BENEFICIAL ALABAMA, INC. V. JAMES R. DRIGGERS

*Name of Filing Party:* D001 - DRIGGERS JAMES R.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

Earl P Underwood Jr

21 South Section Street
Fairhope, AL 36532

☐ Oral Arguments Requested

*Attorney Bar No.:* UND008

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☑ Continue |
| | ☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Motion to Intervene ($297.00) | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Other _____ | ☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite |
| _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| ☐ Local Court Costs $ _____ | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| | Date: | Signature of Attorney or Party: |
|---|---|---|
| ☐ Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | 7/9/2010 4:23:26 PM | /s Earl P Underwood Jr |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/9/2010 4:25 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| Beneficial Alabama Inc. | * |
| | * |
| Plaintiff/Counter-Defendant, | * |
| | * |
| v. | *    **CV-2010-900867** |
| | * |
| James R. Driggers, | * |
| | * |
| Defendant/Counter-Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Beneficial Alabama, Inc., | * |
| | * |
| Counterclaim Defendant. | * |

## MOTION TO CONTINUE

Plaintiff respectfully moves pursuant to ARCP 56(f) for a continuance of the hearing on motion for summary judgment  now scheduled for July 13, 2010.  As grounds for this motion, Defendant/Counter-Plaintiff sets forth the following:

1.      Discovery in the above matter is not complete and the case is not ready for hearing.

2.      Holding Beneficialøs Motion for Summary Judgment until Driggers can conduct meaningful and thorough discovery will not prejudice Beneficial in any way.

3.      The affidavit of Earl P. Underwood, Jr., is filed as exhibit õAö hereto in support.


/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UND008)
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
251-990-5558
251-990-0626 (fax)
epunderwood@gmail.com

<u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via Alafile or by U.S. first-class mail, postage prepaid, the 9th day of July, 2010:

Greggory M. Deitsch
Sirote & Permutt, P.C.
PO Box 55828
Birmingham, AL 35255

<u>/s/ Earl P. Underwood, Jr.</u>
Earl P. Underwood, Jr.

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| Beneficial Alabama Inc. | * | |
| | * | |
| Plaintiff/Counter-Defendant, | * | |
| | * | |
| v. | * | CV-2010-900867 |
| | * | |
| James R. Driggers, | * | |
| | * | |
| Defendant/Counter-Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Beneficial Alabama, Inc., | * | |
| | * | |
| Counterclaim Defendant. | * | |

### AFFIDAVIT OF EARL P. UNDERWOOD, JR.
### IN OPPOSITION TO BENEFICIAL ALABAMA, INC.'S SUMMARY
### JUDGMENT PURSUANT TO RULE 56(f)

STATE OF ALABAMA      )
                        )
COUNTY OF BALDWIN    )

      Comes now affiant, Earl P. Underwood, Jr., one of Counsel for James R. Driggers, and who being duly sworn, on oath deposes and says he has personal knowledge as to the facts set forth in this Affidavit:

      1.      The complaint in this matter was filed on May 14, 2010. On June 21st 2010, Defendant/Counter-Plaintiff, James R. Driggers filed his answer and counterclaim. Plaintiff/Counter-Defendant filed a motion to dismiss or for summary judgment on June 17, 2010. Interrogatories, Request for Production, and Requests for Admission were served on Beneficial on June 22, 2010. Deposition Notices were served on Beneficial on June 21st 2010. Beneficial has not propounded discovery to Driggers to date.

1

2.    To properly respond to Beneficial's motion, Mr. Drigger needs at least <u>some</u> discovery filed and incorporated herewith as exhibits A, B and C, to properly defend the motion for summary judgment.

3.    This case is currently set for hearing before the court on July 13, 2010 on Beneficial's motion for summary judgment.

4.    Holding Beneficial's Motion for Summary Judgment, until Counter-Plaintiff can conduct meaningful and thorough discovery, will not prejudice Counter-Defendant in any way.

Earl P. Underwood, Jr. (UND008)
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
251-990-5558
251-990-0626 (fax)
epunderwood@gmail.com

STATE OF ALABAMA          )
BALDWIN COUNTY            )

I, the undersigned, a Notary Public in and for the State of Alabama at Large, certify that Earl P. Underwood, Jr., whose name is signed to this instrument, and who is known to me, acknowledged before me on this day that he signed the instrument as his free and voluntary act on the day it bears date.

Given under my hand and official seal on the July 9th 2010.

Notary Public
My Commission expires: 08/01/2010

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via Alafile or by U.S. first-class mail, postage prepaid, the 9th day of July, 2010:

Greggory M. Deitsch
Sirote & Permutt, P.C.
PO Box 55828
Birmingham, AL 35255

Earl P. Underwood, Jr.

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| Beneficial Alabama Inc. | * |
| | * |
| Plaintiff/Counter-Defendant, | * |
| | * |
| v. | *  CV-2010-900867 |
| | * |
| James R. Driggers, | * |
| | * |
| Defendant/Counter-Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Beneficial Alabama, Inc., | * |
| | * |
| Counterclaim Defendant. | * |

### FIRST REQUEST FOR ADMISSIONS

Pursuant to Rule 36 of the Alabama Rules of Civil Procedure, Driggers demands that Beneficial Alabama, Inc., ("Beneficial"), within thirty (30) days after service hereof, admit or specifically deny for the purposes of the above-captioned case and subject to all pertinent objections as to admissibility which may be interposed during further proceedings, the truth of the following facts.

In the event that any request is denied in whole or in part, you should set forth the reasons for such denial and identify the persons having knowledge and the related documents.

### DEFINITIONS

A)     "You" means the Counterclaim Defendant Beneficial.

B)     "You" or "Your" means Beneficial, its agents, employees, attorneys, servants, predecessors and/or successors in interest and all others acting on its behalf.

C)     "Mortgage Note" or "Original Note" means the original note signed by Defendant.

D)     "Holder of the Mortgage Note" means the party having actual physical possession of the Mortgage Note.

E)    "Owner" of the Mortgage Note means the party who has full legal rights to collect the money owed under the note on its own behalf.

F)    "Transfer of the Mortgage Note" means the negotiation of the Note from one entity to another by way of an endorsement in blank, an endorsement to a named transferee, or by physical delivery with transfer, delivery and acceptance receipts.

G)    "The Mortgage or Deed of Trust" means the real estate document that is recorded with the Register of Deeds in the county where the residential real estate is located and creates pursuant to local law a claim against the said real estate secured by a lien on the property.

H)    "The Pooling and Servicing Agreement" refers to the operative document that created the securitized mortgage trust of more than one mortgage note and also named the entity to act as the Master Servicer for the collection of payments under the said notes for the benefit of the investors in the said trust.

I)    "Allonge" is a document that is permanently affixed to a mortgage note and is used to negotiate the note by way of an endorsement from one entity to another entity.

## REQUEST FOR ADMISSIONS

1.    Referring to the Mortgage Note which is the subject of this case, the name of the original Lender listed on the Mortgage Note is Beneficial.

2.    Beneficial is not the current holder of the original Mortgage Note.

3.    The current holder of the original Mortgage Note is HSBC Home Equity Loan Trust (USA) 2007-2.

4.    Beneficial is not the current owner of the original Mortgage Note.

5.    Beneficial is not in possession of the original Mortgage Note.

6.    The original Mortgage Note has not been lost or destroyed.

7.    At the time of the foreclosure the subject of this matter, Beneficial was not in possession of the Mortgage Note.

8.    The mortgage note in this case is part of a securitized trust composed of more than one mortgage loan.

9.    The securitized trust was created by a Pooling and Servicing Agreement.

10.    The Pooling and Servicing Agreement includes mandatory rules as to the time for the transfer of all original mortgage notes and security instruments (mortgages and deeds of trust) to the Master Document Custodian for the Trust.

11.    Beneficial is not the Master Document Custodian for the Trust mentioned above.

12.    Beneficial has no beneficial ownership rights in the original Mortgage Note in this case.

13.    Beneficial does not now claim to have any beneficial ownership rights in the original Mortgage Note in this case.

14.    Beneficial only accepts any payments and services the loan at issue.

15.    Beneficial sent statements regarding the loan at issue to Mr. Driggers at PO Box 361 Foley, Alabama 36536.

16.    The only address used by Beneficial to communicate with Mr. Driggers is PO Box 361 Foley, Alabama 36536.

17.    PO Box 361 Foley, Alabama 36536. Has been Mr. Driggers' mailing address since the consummation of the loan at issue.

DATED June 22, 2010

_____
Earl P. Underwood, Jr. (UND008)
Attorney for Driggers

OF COUNSEL:
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
Fairhope, AL 36532
Telephone: 251-990-5558

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2010, a copy of the foregoing was served on counsel for all parties to this proceeding by placing a copy of same in the U.S. Mail, properly addressed and first-class postage prepaid to:

Greggory M. Deitsch
Sirote & Permutt, PC
2311 Highland Ave. S.
Birmingham AL 35250

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| Beneficial Alabama Inc. | * | |
| | * | |
| Plaintiff/Counter-Defendant, | * | |
| | * | |
| v. | * | CV-2010-900867 |
| | * | |
| James R. Driggers, | * | |
| | * | |
| Defendant/Counter-Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Beneficial Alabama, Inc., | * | |
| | * | |
| Counterclaim Defendant. | * | |

## FIRST INTERROGATORIES TO
## BENEFICIAL ALABAMA, INC.,

COMES NOW James R. Driggers and pursuant to Rules 26, 33 and 34 of the *Alabama Rules of Civil Procedure*, hereby propounds the following Interrogatories to Beneficial Alabama, Inc., ("Beneficial").

## INSTRUCTIONS

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any particular interrogatory/interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying you inability to answer the remainder.

You are reminded that, under the provisions of Rule 26(e) of the *Alabama Rules of Civil Procedure*, you are under a duty to seasonably supplement your response to any question directly

addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter which he is expected to testify and the substance of his testimony. You are under a duty to seasonable amend a prior response if you obtain information upon the basis of which you (a) you know that the response was incorrect when made, or (b) you know the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Each request for production of documents herein shall be deemed continuing so as to require prompt supplement responses in accordance with Rule 26(e) of the *Alabama Rules of Civil Procedure* if you obtain or discover further documents called for herein between the time responded to in this request and the time of trial.

If a privilege is claimed as a ground for not responding in whole or in part to any request made herein, you shall in your responses hereto describe the factual basis for the claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

## DEFINITIONS

In these interrogatories the following shall mean:

A. "You" or "Yours" shall mean Beneficial and its attorneys, employees, agents, representatives and all other persons acting on its behalf.

B. "Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

C. "Document" means and is intended to have the broadest possible meaning and includes, without limitation, any writings, electronic transmissions, email, drawings, graphs,

2

charts, photographs, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary through detection devices into reasonably usable form, or other information, including originals, copies (if the original is no longer available), translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document or documents" includes without limitation, account statements, affidavits, analyses, appraisals, confirmations, contracts, correspondence, communications, deeds of trust, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, employee's review checklists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheets or things similar to any of the foregoing however denominated. The term "Document" or "Documents" further means any document now or at any time in the possession, custody , or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has a right to secure the document or a copy thereof.

D. "Address" shall mean the street number, street, city and state of subject person, business or other entity.

3

E.     "Identify" or "Identification" when used with reference to a person, shall mean to state the full name and present or last known address of said person.

F.     "Identify" or "Identification" when used with referenced to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in my possession, custody or control, state what disposition was made of it and the reason for its disposition.

G.     "Hers" means his and/or her, and "her" means he and/or she.

H.     "Relates to" means supports, evidences, describes, mentions, refers to, contradicts, comprises, constitutes or compromises.

I.     "And" as well as "Or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these requests for production any information or documents which might otherwise be construed to be outside their scope.

J.     "Driggers Loan" shall mean the loan transaction at issue.

K.     "Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

L.     The "Property" shall mean Defendant's home located in Baldwin County, Alabama.

## INTERROGATORIES

1.     Identify the person or persons participating in the preparation of these interrogatories.

4

2.     Identify each expert witness, whether your employee or otherwise, that you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit.

3.     Describe in detail each and every communication regarding the Driggers Loan you, or anyone on your behalf, has had with any other person or entity except your attorneys.

4.     List and describe each licensure ever held by you that is or was required by a regulating body.

5.     Give the complete history of the ownership of this mortgage from the date it was originated to the present. Please include all assignments of the mortgage, whether recorded or not. Also, please include the complete ownership history of the note, including but not limited to, all transfers and endorsements, tenders and deliveries from origination to present day.

6.     State the current amount needed to pay-off the loan.

7.     Give a complete and itemized statement from the date of this loan to the date of this discovery of the amount, payment date, purpose and recipient of all foreclosure expenses, NSF check charges, legal fees, attorney fees, professional fees and other expenses and costs that have been charged against or assessed to this mortgage.

8.     State the full name, address and phone number of the current holder of this debt including the name, address and phone number of any trustee or other fiduciary. In addition to Rules 26 and 33 of the *Alabama Rules of Civil Procedure,* this request is being made pursuant to Section 1641(f)(2) of the Truth In Lending Act (15 U.S.C. § 1641(f)(2)), which requires the servicer to identify the holder of the debt.

9.     State the name, address and phone number of any Trustee under any pooling or servicing agreement related to this loan.

10. Describe the current location of the original executed Promissory Note issued in connection with the Driggers Loan.

11. Describe each and every transfer of the Promissory Note issued in connection with the Driggers Loan since consummation. As to each transfer, provide the following:

       a.    Date of transfer;
       b.    State whether there was an endorsement of the note by the transferring entity or person;
       c.    Identify each and every transferee and transferor;
       d.    Identify all related documents.

12. Describe in detail any contractual agreement you have with any other party related to this action and produce a copy of all such agreements including all assignees.

13. Identify each charge included in the calculation of the "amount financed" regarding the transaction at issue herein.

14. Identify charge included in the calculation of the "finance charge" regarding the transaction at issue herein.

15. Identify the methodology and describe the step by step process by which the APR (Annual Percentage Rate) was calculated regarding the instant transaction.

16. Identify every communication, whether oral or written, you or anyone acting on your behalf has had with Driggers giving the date and text of all such communications.

17. With regard to all written communications, by you or anyone acting on your behalf with Driggers state the physical address or email address used for each one.

18. If your response to any Request For Admission Number that was previously propounded to you by Driggers was anything other than an unqualified admission, state the basis of your denial, all facts relevant to your denial and identify all relevant documents.

Earl P. Underwood, Jr. (UND008)
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
Telephone:    251-990-5558

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2010, a copy of the foregoing was served on counsel for all parties to this proceeding by placing a copy of same in the U.S. Mail, properly addressed and first-class postage prepaid to:

Greggory M. Deitsch
Sirote & Permutt, PC
2311 Highland Ave. S.
Birmingham AL 35250

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| Beneficial Alabama Inc. | * | |
| | * | |
| Plaintiff/Counter-Defendant, | * | |
| | * | |
| v. | * | CV-2010-900867 |
| | * | |
| James R. Driggers, | * | |
| | * | |
| Defendant/Counter-Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Beneficial Alabama, Inc., | * | |
| | * | |
| Counterclaim Defendant. | * | |

## FIRST SET OF REQUESTS FOR THE PRODUCTION
## OF DOCUMENTS

COMES NOW James R. Driggers and pursuant to Rules 26, 33 and 34 of the *Alabama Rules of Civil Procedure*, hereby propounds the following Requests for Production of Documents to Counter- Defendant Beneficial Alabama Inc. ("Beneficial").

## INSTRUCTIONS

In answering these requests, you are required to furnish all information available to you, including information and documents in the possession of your attorney, or any person acting in your or his behalf, and not merely such information as is known of your own personal knowledge.

You are reminded that, under the provisions of Rule 26(e) of the *Alabama Rules of Civil Procedure*, you are under a duty to seasonably supplement your response to any request directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter which he is expected to testify and the substance of his testimony. You are under a duty to

seasonable amend a prior response if you obtain information upon the basis of which you (a) you know that the response was incorrect when made, or (b) you know the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Each request for production of documents herein shall be deemed continuing so as to require prompt supplement responses in accordance with Rule 26(e) of the *Alabama Rules of Civil Procedure* if you obtain or discover further documents called for herein between the time responded to in this request and the time of trial.

If a privilege is claimed as a ground for not responding in whole or in part to any request made herein, you shall in your responses hereto describe the factual basis for the claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

## DEFINITIONS

A      "You" or "Yours" shall mean Beneficial Alabama Inc. ("Beneficial") and its attorneys, employees, agents, representatives and all other persons acting on its behalf.

B      "Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

C      "Defendant/Counter/ Plaintiff shall mean James R. Driggers.

D      "Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced, including information maintained in computer form.

E.      "Address" shall mean the street number, street, city and state of subject person, business or other entity.

F.      "Identify" or "Identification" when used with reference to a person, shall mean to

2

state the full name and present or last known address of said person.

G.     "Identify" or "Identification" when used with referenced to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in my possession, custody or control, state what disposition was made of it and the reason for its disposition.

H.     "Plaintiff of Counter Defendant" shall mean Beneficial Alabama Inc. ("Beneficial") and its attorneys, employees, agents, representatives and all other persons acting on its behalf.

I.     "Hers" means his and/or her, and "her" means he and/or she.

J.     "Relates to" means supports, evidences, describes, mentions, refers to, contradicts, comprises, constitutes or compromises.

K.     "And" as well as "Or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these requests for production any information or documents which might otherwise be construed to be outside their scope.

L.     "Driggers Loan" shall mean the loan transaction at issue.

M.     "MERS" shall mean Mortgage Electronic Registration System , Inc.

N.     Reserved

O.     Reserved

P.     "Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

Q.     The "Property" shall mean Defendant's home located in Baldwin County, Alabama.

3

# REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the *Alabama Rules of Civil Procedure*, you are hereby requested to produce the following documents:

1.     Each and every document in your possession involving or relating in any way to Mr. Driggers and/or the transaction at issue.

2.     Each and every document involving or relating in any way to the Driggers Loan.

3.     Each and every document involving or relating in any way to the Property.

4.     All documents identified or referred to in response to Driggers' First Set of Interrogatories.

5.     Print outs of all of your computer screens showing any information regarding, Counter-Plaintiff, Driggers' Loan.

6.     Any and all policy manuals, procedure manuals, or other documents, which are training manuals for your employees in the following areas: loan servicing, property insurance, payment of insurance premiums and escrowed funds.

8.     All documents relating to any written or other agreement or contract between you and HSBC in effect at any time during the last four (4) years.

9.     Any and all agreements between you and any other entity concerning the sale, assignment or transfer of the Driggers Loan.

10     Any and all agreements between you and any other entity concerning the sale, assignment or transfer of the Driggers Loan.

11.     All documents related in any way to the assignment or acquisition of the Driggers Loan.

12.     All documents provided to you by any other person relating to the Driggers loan.

14.     All documents reflecting the number of loans assigned to you by HSBC over the last four (4) years.

15.     All documents relating to the assignment or transfer of the mortgage instrument and the promissory note relating to the Driggers Loan.

4

Earl P. Underwood, Jr. (UND008)
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
Telephone: 251-990-5558
epunderwood@alalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2010, a copy of the foregoing was served on counsel for all parties to this proceeding by placing a copy of same in the U.S. Mail, properly addressed and first-class postage prepaid to:

Greggory M. Deitsch
Sirote & Permutt, PC
2311 Highland Ave. S.
Birmingham AL 35250

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.

5

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was SET FOR HEARING

C001 BENEFICIAL ALABAMA, INC.

SUMMARY JUDGMENT PURSUANT TO RULE 56 ($50.00)

[Attorney: DEITSCH GREGGORY M]

Hearing Date:     08/24/2010
Hearing Time:     09:00:00 AM
Location:         8

Notice Date:      7/13/2010 2:36:14 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



AlaFile E-Notice

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

A court action was entered in the above case on 7/13/2010 2:35:56 PM

D001 DRIGGERS JAMES R.

CONTINUE

[Attorney: UNDERWOOD EARL PRICE JR]

Disposition:      GRANTED
Judge:            REW

Notice Date:      7/13/2010 2:35:56 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
7/13/2010 2:35 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

BENEFICIAL ALABAMA, INC.,      )
Plaintiffs,                   )
                                  )
V.                           )  Case No.:  CV-2010-900867.00
                                  )
DRIGGERS JAMES R.,         )
Defendants.             )

**ORDER**

MOTION TO CONTINUE filed by DRIGGERS JAMES R. is hereby GRANTED. CASE CONTINUED TO 8/24/2010 @ 9 AM IN BAY MINETTE.

**DONE this 13th day of July, 2010.**

                                               **/s ROBERT WILTERS**
                                               _____

                                               **CIRCUIT JUDGE**

05-CV-2010-900867.00

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following answer was FILED on 7/21/2010 6:28:10 PM

Notice Date:     7/21/2010 6:28:10 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
7/21/2010 6:28 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **BENEFICIAL ALABAMA, INC.,** | ) |
| | ) |
| | ) |
| **Plaintiff/Counter-Defendant,** | ) |
| **V.** | ) |
| | ) |
| | ) |
| **JAMES R. DRIGGERS,** | )  **CIVIL ACTION NO. CV 2010-900867** |
| **Defendant/Counter-Plaintiff,** | ) |
| **V.** | ) |
| | ) |
| | ) |
| **BENEFICIAL ALABAMA, INC.** | ) |
| **Counterclaim Defendant.** | ) |

## BENEFICIAL ALABAMA, INC.'S
## ANSWER TO COUNTERCLAIM

COMES NOW Plaintiff/Counter-Defendant, Beneficial Alabama, Inc. ("Beneficial") and files this Answer to the Counterclaim filed by Defendant/Counter-Plaintiff, James R. Driggers ("Defendant/Counter-Plaintiff") in the above-referenced matter. In support thereof, Beneficial states as follows:

1 – 26. These paragraphs contain Defendant/Counter-Plaintiff's responses to the Complaint and Affirmative Defenses. Therefore, no response is required by Beneficial. To the extent that such a response is required, Beneficial denies the allegations of these paragraphs and demands strict proof thereof.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT[1]

## PARTIES

27.     Beneficial admits the allegations contained in this paragraph of the Counterclaim.

28.     Beneficial admits the allegations contained in this paragraph of the Counterclaim.

## FACTUAL ALLEGATIONS

29.     Beneficial admits that the Mortgage was executed on April 13, 2007. Beneficial denies the remaining allegations of this paragraph of the Counterclaim and demands strict proof thereof.

30.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

31.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

32.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

33.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

34.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

35.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

---

[1] This designation was used in the Counterclaim filed by Driggers.  However, the Counterclaim does not appear to include a third party complaint.

36. Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

37. Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

38. Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

39. Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

40. Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

41. Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

42. Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

43. Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

44. Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

## **COUNTERCLAIM**

## **COUNT ONE**

## **NEGLIGENCE**

45. Beneficial readopts and incorporates by reference its responses to the foregoing paragraphs of the Counterclaim as if fully set forth therein.

46.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

47.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

48.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

## COUNT TWO

## WANTONNESS

49.     Beneficial readopts and incorporates by reference its responses to the foregoing paragraphs of the Counterclaim as if fully set forth therein.

50.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

51.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

52.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

53.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

## COUNT THREE

## ABUSE OF PROCESS

54.     Beneficial readopts and incorporates by reference its responses to the foregoing paragraphs of the Counterclaim as if fully set forth therein.

55.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

56.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

57.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

58.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

59.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

60.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

## COUNT FOUR

## SLANDER OF TITLE

61.     Beneficial readopts and incorporates by reference its responses to the foregoing paragraphs of the Counterclaim as if fully set forth therein.

62.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

63.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

## COUNT FIVE

## DECLARATORY AND INJUNCTIVE RELIEF

64.     Beneficial readopts and incorporates by reference its responses to the foregoing paragraphs of the Counterclaim as if fully set forth therein.

65.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

66.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

67.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

68.     Beneficial denies the allegations of this paragraph of the Counterclaim and demands strict proof thereof.

As to the unnumbered paragraph following paragraph 68, Beneficial denies that Defendant/Counter-Plaintiff is entitled to declaratory or injunctive relief.

## **AFFIRMATIVE DEFENSES**

COMES NOW Beneficial and files these Affirmative Defenses to the Counterclaim filed by Defendant/Counter-Plaintiff in the above-referenced matter.  In support thereof, Beneficial states as follows:

1.     Defendant/Counter-Plaintiff's claims and/or demand for trial by jury are barred if and to the extent that any contracts and agreements executed by and between, or on behalf of or for the benefit of, Defendant/Counter-Plaintiff and Beneficial, and at issue in this action, contains valid and binding jury trial waivers and/or pre-dispute arbitration provisions by which Beneficial agreed to arbitrate all disputes arising thereunder.

2.     The Counterclaim filed by Defendant/Counter-Plaintiff fails to state a claim upon which relief may be granted.

3.     Beneficial alleges the affirmative defense of improper venue.

4.     Beneficial pleads truth.

5.     Defendant/Counter-Plaintiff's claims are barred by waiver, consent, laches, and repose.

6.      Defendant/Counter-Plaintiff's claims are barred by the doctrines of *in pari delicto* and unclean hands.

7.      Defendant/Counter-Plaintiff does not have standing to assert breach of the applicable Pooling and Servicing Agreement as he is not a party nor third-party beneficiary to the Pooling and Servicing Agreement.

8.      Defendant/Counter-Plaintiff's claims are barred his assumption of the risk.

9.      Defendant/Counter-Plaintiff's claims are barred by the doctrines of accord, satisfaction, payment, and/or release.

10.     Defendant/Counter-Plaintiff's claims are barred by his voluntary and binding agreement to the terms and conditions of the note and mortgage at issue.

11.     Defendant/Counter-Plaintiff's claims are barred because he accepted the benefit of the transaction at issue.

12.     To the extent Defendant/Counter-Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Beneficial, including Defendant/Counter-Plaintiff's own conduct.

13.     Defendant/Counter-Plaintiff's claims are barred to the extent they are based on the acts of third parties over whom Beneficial had no control or right of control, or for whom they are not responsible.

14.     Beneficial denies that Defendant/Counter-Plaintiff's damages were proximately caused by the Beneficial.

15.     Defendant/Counter-Plaintiff failed to mitigate his damages.

16.     Defendant/Counter-Plaintiff's claims are barred by the statute of limitations.

17.     Beneficial's acts and/or omissions were in compliance with all applicable statutes and/or laws.

18.     Beneficial's acts and/or omissions were in accordance with the contracts governing its relationship with Defendant/Counter- Plaintiff.

19.     Defendant/Counter-Plaintiff's claims are barred by his failure to do equity.

20.     Beneficial pleads judicial estoppel.

21.     Beneficial pleads equitable estoppel.

22.     Beneficial pleads acquiescence.

23.     Beneficial pleads ratification.

24.     Beneficial denies that it is guilty of any conduct which entitles Defendant/Counter-Plaintiff to recover punitive damages.

25.     Defendant/Counter-Plaintiff is barred from recovering punitive damages in excess of those limits established by Ala. Code § 6-11-21 (1975), as amended.

26.     Defendant/Counter-Plaintiff is not entitled to recover punitive damages pursuant to Ala. Code § 6-11-20 and § 6-11-30 (1975), and thereby any claim for such damages is barred.

27.     Defendant/Counter-Plaintiff's Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates Beneficial's rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Beneficial's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

28.     Any award of punitive damages to the Defendant/Counter-Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

29.     Any award of punitive damages to the Defendant/Counter-Plaintiff in this case will be violative of the procedural safeguards provided to Beneficial under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature, and consequently, Beneficial is entitled to the same procedural safeguards accorded to criminal defendants.

30.     It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Beneficial punitive damages, which are penal in nature, yet compel Beneficial to disclose potentially incriminating documents and evidence.

31.     Defendant/Counter-Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in *BMW v. Gore*, 116 S. Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

32.     Beneficial pleads the applicability of the Alabama Legislature's amendment to Ala. Code § 6-11-21 (1975) with effective date of June 7, 1999.

33.     Defendant/Counter-Plaintiff is not entitled to mental anguish damages because those damages are remote and metaphysical in nature; they are more sentimental than

Case 10-00097    Doc 2    Filed 10/08/10    Entered 10/08/10 18:20:52    Desc Main
                    Document        Page 81 of 185

substantial. Depending largely upon physical and nervous condition, the suffering of one person would be no test of the suffering of another person under precisely the same circumstances (i.e. mental anguish damages are too subjective). Mental anguish damages easily fall within all of the objections to speculative damages, which are universally excluded because of their uncertain character. It is likely that any award of mental anguish damages by a finder of fact would be made to punish Beneficial and not to compensate Defendant/Counter-Plaintiff.

34. The imposition of mental anguish damages under the provisions of Alabama law governing the right to recover such damages and the determination of the amount of such damages, without any accompanying physical or bodily injury, would violate the Fifth and Fourteenth Amendments of the Constitution of the United States of America and/or the common law and/or the public policies of the United States of America on the following grounds:

(a) The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages and/or a reasonable limit on the amount of such damages against a defendant, which would violate Beneficial's right to due process as guaranteed by the United States Constitution;

(b) Defendant/Counter-Plaintiff's claims for such damages against Beneficial cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, in violation of Beneficial's due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution;

(c) Defendant/Counter-Plaintiff's claims for such damages against Beneficial cannot be sustained because an award of such damages under Alabama law would

Case 10-00097   Doc 2   Filed 10/08/10   Entered 10/08/10 18:20:52   Desc Main
                    Document      Page 82 of 185

violate Beneficial's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm;

(d)     Defendant/Counter-Plaintiff's claims for such damages, and the provisions of Alabama law governing the right to recover such damages and the determination of such damages, are unconstitutionally vague, indefinite, and uncertain, and they would deprive Beneficial of due process of law;

(e)     Defendant/Counter-Plaintiff's claims for such damages, and the provisions of Alabama law governing the right to recover such damages and the determination of such damages, would cause Beneficial to be treated differently from other similarly situated persons/entities by subjecting it to liability beyond the actual loss, if any, caused by its conduct, if any, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards;

(f)     The procedures pursuant to which mental anguish damages are awarded would subject Beneficial to liability for the conduct of others through vicarious liability and/or the non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of Beneficial's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution;

(g)     Defendant/Counter-Plaintiff's claims for such damages, and the provisions of Alabama law governing the right to recover such damages and the determination of such damages, would expose Beneficial to the risk of indefinable, unlimited liability unrelated to the actual loss, if any, caused by its alleged conduct, creating a chilling effect on Beneficial's exercise of its right to a judicial resolution of this dispute;

(h)     An award of such damages in this case would constitute a deprivation of property without due process of law; and

(i)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

35.     The imposition of mental anguish damages under the provisions of Alabama law governing the right to recover such damages and the determination of the amount of such damages, without any accompanying physical or bodily injury, would violate the Constitution of the State of Alabama and/or the common law and/or public policies of Alabama on the following grounds:

(a)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of such damages and/or to provide a reasonable limit on the amount of such damages against a defendant in violation of Beneficial's due process rights guaranteed by the Alabama Constitution;

(b)     The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite, and uncertain, and they would deprive Beneficial of due process of law in violation of the Alabama Constitution;

(c)     An award of damages in this case would constitute a deprivation of property without due process of law;

(d)     The procedures pursuant to which such damages are awarded would cause Beneficial to be treated differently from other similarly situated persons and/or entities by subjecting it to liability beyond the actual loss or harm, if any, caused by its alleged conduct, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards;

Case 10-00097    Doc 2    Filed 10/08/10    Entered 10/08/10 18:20:52    Desc Main
                    Document        Page 84 of 185

(e)     The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which would deny Beneficial of its rights of equal protection and due process;

(f)     The procedures pursuant to which such damages are awarded would subject Beneficial to liability for the conduct of others through vicarious liability and/or the non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of Beneficial's due process rights and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution;

(g)     The procedures pursuant to which such damages are awarded would expose Beneficial to the risk of indefinable, unlimited liability unrelated to the actual loss, if any, caused by its alleged conduct, creating a chilling effect on Beneficial's exercise of its right to a judicial resolution of this dispute;

(h)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests;

36.     Defendant/Counter-Plaintiff's claims for such damages against Beneficial cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and would violate Beneficial's due process and equal protection rights guaranteed by the Alabama Constitution.  Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama; and

37.     Defendant/Counter-Plaintiff's claims for such damages against Beneficial cannot be sustained because an award of such damages under Alabama law would violate

Beneficial's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards.

38.     Defendant/Counter-Plaintiff's claims for mental anguish or emotional distress damages without accompanying physical or bodily injury are barred because an award of such damages under Alabama law would constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

39.     The imposition of mental anguish or emotional distress damages, without any accompanying physical or bodily injury to Defendant/Counter-Plaintiff, cannot be upheld because such claims require no proof of actual damage and are unrelated to the actual alleged conduct of Beneficial or any other party in this case. As such, these damages would violate Beneficial's due process rights guaranteed by the United States Constitution and by the Alabama Constitution.

40.     An award of discretionary, compensatory damages for mental suffering on behalf of Defendant/Counter-Plaintiff would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the fact finder with no specific, much less objective, standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded would violate the United States Constitution because:

(a)     it fails to provide specific standards for the amount of the award of compensation or to provide a reasonable limit on the amount of the award against a defendant,

which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

(b)     could result in the imposition of different compensation for the same or similar acts and, thus, could violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(c)     it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(d)     Beneficial expressly reserves the right to amend its Answer and/or to assert additional affirmative defenses if facts come to light in this matter, so as to warrant the assertion of additional defenses.

41.     Beneficial expressly reserves the right to amend its Answer and/or to assert additional affirmative defenses if facts come to light in this matter, so as to warrant the assertion of additional defenses.

/s/ Kerry P. McInerney
Greggory M. Deitsch (DEI001)
Kerry P. McInerney (MCI015)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:   (205) 930-5100
Fax:  (205) 930-5335

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of July 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

Earl P. Underwood, Esq.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532


/s/ Kerry P. McInerney
OF COUNSEL

05-CV-2010-900867.00

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following discovery was FILED on 7/21/2010 6:46:39 PM

Notice Date:     7/21/2010 6:46:39 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
7/21/2010 6:46 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **BENEFICIAL ALABAMA, INC.,** | ) |
| | ) |
| | ) |
| **Plaintiff/Counter-Defendant,** | ) |
| | ) |
| **V.** | ) |
| | ) |
| | ) |
| **JAMES R. DRIGGERS,** | )     **CIVIL ACTION NO. CV 2010-900867** |
| **Defendant/Counter-Plaintiff,** | ) |
| **V.** | ) |
| | ) |
| | ) |
| **BENEFICIAL ALABAMA, INC.** | ) |
| **Counterclaim Defendant.** | ) |

## NOTICE OF SERVICE OF DISCOVERY

Plaintiff/Counter-Defendant, Beneficial America, Inc., respectfully submits this

Notice of Service of the following discovery documents upon all counsel of record:

    1.    Beneficial Alabama, Inc.'s Response to First Request for Admissions of
James R. Driggers.

/s/ Kerry P. McInerney_____
Greggory M. Deitsch (DEI001)
Kerry P. McInerney (MCI015)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-5335

DOCSBHM\1718481\1\

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

> Earl P. Underwood, Esq.
> Underwood & Riemer, PC
> 21 South Section Street
> Fairhope, Alabama 36532

/s/ Kerry P. McInerney_____
OF COUNSEL

# IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| BENEFICIAL ALABAMA, INC.,<br><br>Plaintiff/Counter-Defendant,<br>V.<br><br>JAMES R. DRIGGERS,<br>Defendant/Counter-Plaintiff,<br>V.<br><br>BENEFICIAL ALABAMA, INC.<br>Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. CV 2010-900867<br>)<br>)<br>)<br>)<br>)<br>) |

## BENEFICIAL ALABAMA, INC.'S RESPONSE TO FIRST REQUEST FOR ADMISSIONS OF JAMES R. DRIGGERS

COMES NOW Plaintiff/Counter-Defendant, Beneficial America, Inc., ("Plaintiff/Counter-Defendant" or Beneficial") and files this Response to Request for Admissions (hereinafter "Response") filed by Defendant/Counter-Plaintiff, James R. Driggers, in the above-styled action as follows:

## GENERAL OBJECTIONS

1. Beneficial objects to each and every Request to the extent that such Request seeks to vary or broaden Beneficial's obligations beyond the requirements of the applicable Rules of Civil Procedure or any orders of Court in this action.

2. Beneficial objects to each and every Request to the extent that such Request seeks documents and/or other information which may be subject to the attorney-client

privilege and/or attorney work product doctrine, any statutory privilege, and/or any other privilege recognized under the laws of the State of Alabama and/or the United States.

3.    Beneficial objects to each and every Request to the extent that (a) the information or documents called for, if any, were obtained and prepared in anticipation of litigation or for trial and (b) Defendant/Counter-Plaintiff has made no showing that Defendant/Counter-Plaintiff has a substantial need for the materials in the preparation of his case, and that Defendant/Counter-Plaintiff is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

4.    Beneficial objects to each and every y Request to the extent that the information called for is privileged and are not discoverable under Rule 26 of the applicable Rules of Civil Procedure.

5.    Beneficial objects to each and every Request to the extent that the information called for is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and/or because the information and/or documents are protected from disclosure by applicable privileges or immunities.

6.    Beneficial objects to each and every Request to the extent that such Request is irrelevant, immaterial, overly broad, vague, ambiguous, oppressive, unduly burdensome, harassing, not limited in time or scope, and/or beyond the permissible scope of discovery under the applicable Rules of Civil Procedure.

7.    Beneficial reserves all objections as to the competency, relevancy, materiality, and/or admissibility of its responses for use as evidence at the trial of this proceeding or at any subsequent action.

8. Beneficial objects to each and every Request to the extent that the requested documents and/or information may contain confidential, financial, business or proprietary information, entitled to protection under the applicable Rules of Civil Procedure. Such documents and/or information determined to be relevant will be produced only upon the entry of an appropriate protective order limiting the disclosure and use of such documents or information produced by Beneficial and requiring the return of all such material at the conclusion of this litigation.

9. Beneficial makes these General Objections to Defendant/Counter-Plaintiff's discovery requests without waiver of, or prejudice to, additional specific objections that Beneficial may make. All such General Objections are hereby expressly preserved as is the right to move for a protective order.

10. Beneficial objects to each and every discovery request to the extent that the same seeks information not in Beneficial's possession, custody, or control.

11. Beneficial objects to each and every request to the extent that the same seeks discovery that is unreasonably cumulative or duplicative or seeks information or documents that are equally available to Defendant/Counter-Plaintiff and the burden on Defendant/Counter-Plaintiff to obtain the requested information is no greater than the burden on Beneficial.

12. Beneficial reserves the right to supplement its responses and objections to these requests.

Without waiving any of the foregoing General Objections, Beneficial states the following Specific Responses and Objections to Defendant/Counter-Plaintiff's Requests for Admissions:

1.      Referring to the Mortgage Note which is the subject of this case, the name of the original Lender listed on the Mortgage Note is Beneficial.

**Response:**     **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

2.      Beneficial is not the current holder of the original Mortgage Note.

**Response:**     **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

3.      The current holder of the original Mortgage Note is HSBC Home Equity Loan Trust (USA) 2007-2.

**Response:**     **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

4.      Beneficial is not the current owner of the original Mortgage Note.

**Response:**     **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

5.      Beneficial is not in possession of the original Mortgage Note.

**Response:**     **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

6.      The original Mortgage Note has not been lost or destroyed.

**Response:**     **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

7.    At the time of the foreclosure the subject of this matter, Beneficial was not in possession of the Mortgage note.

**Response:    Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

8.    The mortgage note in this case is part of a securitized trust composed of more than one mortgage loan.

**Response:    Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

9.    The securitized trust was created by a Pooling and Servicing Agreement.

**Response:    Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

10.    The Pooling and Servicing Agreement includes mandatory rules as to the time for the transfer of all original mortgage notes and security instruments (mortgages and deeds of trust) to the Master Document Custodian for the Trust.

**Response:    Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

11.    Beneficial is not the Master Document Custodian for the Trust mentioned above.

**Response:    Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

12.    Beneficial has no beneficial ownership rights in the original Mortgage Note in this case.

**Response:    Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

13. Beneficial does not now claim to have any beneficial ownership rights in the original Mortgage Note in this case.

**Response:** **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

14. Beneficial only accepts any payments and services the loan at issue.

**Response:** **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

15. Beneficial sent statements regarding the loan at issue to Mr. Driggers at PO Box 361 Foley, Alabama 36536.

**Response:** **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

16. The only address used by Beneficial to communicate with Mr. Driggers is PO Box 361 Foley, Alabama 36536.

**Response:** **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

17. PO Box 361 Foley, Alabama 36536 has been Mr. Driggers' mailing address since the consummation of the loan at issue.

**Response:** **Without waiving any of the foregoing general objections, Beneficial denies the matters made the subject of this Request.**

/s/ Kerry P. McInerney_____
Greggory M. Deitsch (DEI001)
Kerry P. McInerney (MCI015)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

Earl P. Underwood, Esq.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532

/s/ Kerry P. McInerney_____
OF COUNSEL

AlaFile E-Notice

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following discovery was FILED on 7/27/2010 9:24:16 AM

Notice Date: 7/27/2010 9:24:16 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
7/27/2010 9:24 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| BENEFICIAL ALABAMA, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| JAMES R. DRIGGERS, | ) | CIVIL ACTION NO. CV 2010-900867 |
| Defendant/Counter-Plaintiff, | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| BENEFICIAL ALABAMA, INC. | ) | |
| Counterclaim Defendant. | ) | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TAKE NOTICE that the undersigned has served on all parties through service by United States Mail upon its counsel, on July 27, 2010 the following:

[ X ]   Beneficial Alabama, Inc.'s Objections and Responses to Defendant's 30(b)(6) Notice of Deposition of Beneficial;

[ X ]   Beneficial Alabama, Inc.'s Objections and Responses to Defendant's Notice of Deposition of Magda Awad;

/s/ Marcus M. Maples_____
Greggory M. Deitsch (DEI001)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:  (205) 930-5100
Fax:  (205) 930-5335

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of July 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

      Earl P. Underwood, Esq.
      Underwood & Riemer, PC
      21 South Section Street
      Fairhope, Alabama 36532


                  /s/ Marcus M. Maples_____
                  OF COUNSEL

ELECTRONICALLY FILED
7/27/2010 9:24 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **BENEFICIAL ALABAMA, INC.,** )<br>)<br>)<br>**Plaintiff/Counter-Defendant,** )<br>**V.** )<br>)<br>)<br>**JAMES R. DRIGGERS,** )<br>**Defendant/Counter-Plaintiff,** )<br>**V.** )<br>)<br>)<br>**BENEFICIAL ALABAMA, INC.** )<br>**Counterclaim Defendant.** ) | **CIVIL ACTION NO. CV 2010-900867** |

### BENEFICIAL ALABAMA, INC.'S OBJECTIONS AND RESPONSE TO DEFENDANT'S 30(B)(5) AND (6) NOTICE OF DEPOSITION OF BENEFICIAL ALABAMA, INC.

COMES NOW Plaintiff/Counter-Defendant, Beneficial Alabama, Inc. ("Beneficial" or "Plaintiff/Counter-Defendant"), and objects to the 30(B)(5) and (6) Notice of Deposition filed by Defendant/Counter-Plaintiff, James R. Driggers ("Defendant/Counter-Plaintiff"). In support thereof, Plaintiff/Counter-Defendant avers as follows:

### GENERAL OBJECTIONS

1.      Plaintiff/Counter-Defendant objects to each and every document request and matter on which examination is requested to the extent that it calls for the production of documents or discussion of information neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

2.       Plaintiff/Counter-Defendant objects to each and every document request and matter on which examination is requested to the extent that it is overly broad or unduly burdensome.

3.       Plaintiff/Counter-Defendant objects to each and every document request and matter on which examination is requested to the extent that it is vague and/or ambiguous.

4.       Plaintiff/Counter-Defendant objects to each and every document request and matter on which examination is requested to the extent it is not reasonably limited in time and/or scope.

5.       Plaintiff/Counter-Defendant incorporates each of the foregoing General Objections into each and every response below, and without waiving said objections, Plaintiff/Counter-Defendant responds to each specific request as follows:

## SUBJECTS

1.       The allegations in Mr. Driggars counterclaim.

**RESPONSE:**       **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

2.       The dates that HSBC has done business with You.

**RESPONSE:**       **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant specifically objects to this request on the grounds that it is irrelevant, overly broad, unduly burdensome, vague, harassing, protected by the attorney-client privilege and/or work product doctrine, is not reasonably calculated to lead to the discovery of admissible evidence, and the request constitutes an impermissible fishing expedition. Furthermore, the information sought is proprietary and confidential in nature.**

3.       The contractual relationship between Beneficial and HSBC.

**RESPONSE:**         **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant specifically objects to this request on the grounds that it is irrelevant, overly broad, unduly burdensome, vague, harassing, protected by the attorney-client privilege and/or work product doctrine, is not reasonably calculated to lead to the discovery of admissible evidence, and the request constitutes an impermissible fishing expedition. Furthermore, the information sought is proprietary and confidential in nature.**

4.      The decision to foreclose on Driggers [sic] loan and the identity of all persons who participated in said decision.

**RESPONSE:**         **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

5.      The date and terms of the transfer of servicing rights to the loan at issue.

**RESPONSE:**         **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

6.      Any and all transfers or assignments to or by you of any interest in the loan at issue.

**RESPONSE:**         **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

7.      Any transfer or assignment of the mortgage and note related to the loan at issue.

**RESPONSE:**         **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

8.      The execution of any documents purporting to transfer to assign any interest to or from you related to the loan at issue.

**RESPONSE:**         **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

9.      The services performed by you and Beneficial as said services relate to

Driggers' loan.

**RESPONSE:**          **Plaintiff/Counter-Defendant objects to this request on the grounds that it is vague, ambiguous, and confusing in that it requests the services performed by "You and Beneficial." Without waiving any of the foregoing general objections, Defendant will present testimony regarding the requested subject during the deposition.**

10.     The terms of Beneficial's compensation for servicing the loan at issue and

in general.

**RESPONSE:**          **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

11.     Beneficial's authority to modify the loan at issue.

**RESPONSE:**          **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

12.     The history of the Driggers' loan, including an accounting of all sums paid

by Driggers' [sic].

**RESPONSE:**          **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

13.     The manner and content of instructions from you to Beneficial's [sic]

related to the loan at issue.

**RESPONSE:**          **Plaintiff/Counter-Defendant objects to this request on the grounds that it is vague, ambiguous, and confusing in that it requests the manner and content of instructions from "You to Beneficial's [sic]."**

14.     The goods and services provided and the charges for such goods and

services regarding the real estate transaction at issue.

**RESPONSE:**          **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

15.     Your compliance with all federal laws regulating consumer mortgage lending.

**RESPONSE:**          **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the requested subject during the deposition.**

16.     The calculation of all fees associated with the servicing and foreclosure on Dilley's [sic] loan.

**RESPONSE:**          **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will present testimony regarding the Driggers' loan during the deposition.**


## REQUEST FOR PRODUCTION

1.      Any and all references, manuals and other writings, whether in paper or electronic format regarding compliance with federal law regulating consumer mortgage lending used by you at the time of the Driggers transaction.

**RESPONSE:**          **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant specifically objects to this request on the grounds that the information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff/Counter-Defendant objects on the grounds that said request is not limited to references, manuals and other writings which involve the subject loan.**

2.      Any and all references, manuals and other writings whether in paper or electronic format regarding the disclosures required by the Federal Truth-in-Lending Act, the calculation of the "APR", "Amount Financed" and "Finance Charge" used by you at the time of the Driggers' transaction.

**RESPONSE:**          **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will make a reasonable search for responsive, non-privileged documents in its control or possession that are responsive to this request and that are relevant to the Defendant/Counter-Plaintiff's claim.**

3.     Any and all contracts between Beneficial and HSBC in force at the time of the transaction at issue.

**RESPONSE:**     **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant specifically objects to this request on the grounds that the information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff/Counter-Defendant objects on the grounds that said request is not limited to contracts which involve the subject loan.**

4.     Any and all documents touching or relating to the loan of April 3, 2007 to James Driggers including but not limited to any instructions for closing, copies of cancelled checks, ledger entries, accounting, mortgages, notes, Truth-in-Lending disclosures and title insurance forms.

**RESPONSE:**     **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will make a reasonable search for responsive, non-privileged documents in its control or possession that are responsive to this request and that are relevant to the Defendant/Counter-Plaintiff's claim.**


/s/ Marcus M. Maples_____
Greggory M. Deitsch (DEI001)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:  (205) 930-5100
Fax:  (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

Earl P. Underwood, Esq.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532


/s/ Marcus M. Maples_____
OF COUNSEL

ELECTRONICALLY FILED
7/27/2010 9:24 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **BENEFICIAL ALABAMA, INC.,** | ) |
| | ) |
| | ) |
| **Plaintiff/Counter-Defendant,** | ) |
| **V.** | ) |
| | ) |
| | ) |
| **JAMES R. DRIGGERS,** | ) **CIVIL ACTION NO. CV 2010-900867** |
| **Defendant/Counter-Plaintiff,** | ) |
| **V.** | ) |
| | ) |
| | ) |
| **BENEFICIAL ALABAMA, INC.** | ) |
| **Counterclaim Defendant.** | ) |

## BENEFICIAL ALABAMA, INC.'S OBJECTIONS AND RESPONSE TO DEFENDANT'S NOTICE OF DEPOSITION OF MAGDA AWAD

COMES NOW Plaintiff/Counter-Defendant, Beneficial Alabama, Inc. ("Beneficial" or "Plaintiff/Counter-Defendant"), and objects to the Notice of Deposition of Magda Awad filed by Defendant/Counter-Plaintiff, James R. Driggers ("Defendant/Counter-Plaintiff"). In support thereof, Plaintiff/Counter-Defendant avers as follows:

## GENERAL OBJECTIONS

1.       Plaintiff/Counter-Defendant objects to each and every document request and matter on which examination is requested to the extent that it calls for the production of documents or discussion of information neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

2.       Plaintiff/Counter-Defendant objects to each and every document request and matter on which examination is requested to the extent that it is overly broad or unduly burdensome.

DOCSBHM\1718649\1\

3.      Plaintiff/Counter-Defendant objects to each and every document request and matter on which examination is requested to the extent that it is vague and/or ambiguous.

4.      Plaintiff/Counter-Defendant objects to each and every document request and matter on which examination is requested to the extent it is not reasonably limited in time and/or scope.

5.      Plaintiff/Counter-Defendant incorporates each of the foregoing General Objections into each and every response below, and without waiving said objections, Plaintiff/Counter-Defendant responds to each specific request as follows:

## REQUEST FOR PRODUCTION

1.      Any and all references, manuals and other writings, whether in paper or electronic format regarding compliance with federal law regulating consumer mortgage lending used by you at the time of the Driggers transaction.

**RESPONSE:**        **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant specifically objects to this request on the grounds that the information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, Plaintiff/Counter-Defendant objects on the grounds that said request is not limited to references, manuals and other writings which involve the subject loan.**

2.      Any and all references, manuals and other writings whether in paper or electronic format regarding the disclosures required by the Federal Truth-in-Lending Act, the calculation of the "APR", "Amount Financed" and "Finance Charge" used by you at the time of the Driggers' transaction.

**RESPONSE:**        **Without waiving any of the foregoing general objections, Defendant will make a reasonable search for responsive, non-privileged documents in its control or possession that are responsive to this request and that are relevant to the Defendant/Counter-Plaintiff's claim.**

3.     Any and all contracts between Beneficial and HSBC in force at the time of

the transaction at issue.

**RESPONSE:**         **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant specifically objects to this request on the grounds that the information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff/Counter-Defendant objects on the grounds that said request is not limited to contracts which involve the subject loan.**

4.     Any and all documents touching or relating to the loan of April 3, 2007 to

James Driggers including but not limited to any instructions for closing, copies of cancelled

checks, ledger entries, accounting, mortgages, notes, Truth-in-Lending disclosures and title

insurance forms.

**RESPONSE:**         **Without waiving any of the foregoing general objections, Plaintiff/Counter-Defendant will make a reasonable search for responsive, non-privileged documents in its control or possession that are responsive to this request and that are relevant to the Defendant/Counter-Plaintiff's claim.**

/s/ Marcus M. Maples_____
Greggory M. Deitsch (DEI001)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:  (205) 930-5100
Fax:  (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

Earl P. Underwood, Esq.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532

/s/ Marcus M. Maples_____
OF COUNSEL

AlaFile E-Notice

05-CV-2010-900867.00

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following discovery was FILED on 7/30/2010 12:28:17 PM

Notice Date:      7/30/2010 12:28:17 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
7/30/2010 12:28 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

# IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **BENEFICIAL ALABAMA, INC.,** ) | |
| ) | |
| ) | |
| **Plaintiff/Counter-Defendant,** ) | |
| **V.** ) | |
| ) | |
| ) | |
| **JAMES R. DRIGGERS,** ) | **CIVIL ACTION NO. CV 2010-900867** |
| ) | |
| **Defendant/Counter-Plaintiff,** ) | |
| **V.** ) | |
| ) | |
| ) | |
| **BENEFICIAL ALABAMA, INC.** ) | |
| **Counterclaim Defendant.** ) | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TAKE NOTICE that the undersigned has served on all parties through service by United States Mail upon its counsel, on July 30, 2010 the following:

[ X ]   Beneficial Alabama, Inc.'s 1st Interrogatories and Request for Production to James R. Driggers;

[ X ]   Beneficial Alabama, Inc.'s Notice of Deposition of James Driggers;

/s/ Marcus M. Maples_____
Greggory M. Deitsch (DEI001)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:  (205) 930-5100
Fax:  (205) 930-5335

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of July 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

Earl P. Underwood, Esq.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532

/s/ Marcus M. Maples_____
OF COUNSEL

ELECTRONICALLY FILED
7/30/2010 12:28 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| BENEFICIAL ALABAMA, INC., )<br><br>Plaintiff/Counter-Defendant, )<br><br>V. )<br><br><br>JAMES R. DRIGGERS, )<br>Defendant/Counter-Plaintiff, )<br><br>V. )<br><br><br>BENEFICIAL ALABAMA, INC. )<br>Counterclaim Defendant. ) | CIVIL ACTION NO. CV 2010-900867 |

### BENEFICIAL ALABAMA, INC'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO JAMES R. DRIGGERS

Pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure, Beneficial Alabama, Inc. ("Beneficial" or "Plaintiff/Counter-Defendant") propounds the following Interrogatories and Requests for Production of Documents to Defendant/Counter-Plaintiff, James R. Driggers ("Driggers" or "Defendant/Counter- Plaintiff") as follows:

### DEFINITIONS

1. "You" or "Your" means Defendant/Counter-Plaintiff and all agents, representatives and other persons acting on behalf of or representing the Defendant/Counter-Plaintiff.

2. "Document" or "records" means any written or graphic matter, including, but not limited to, books, papers, documents, contracts, memoranda, letters, reports, receipts, minutes of meetings, drafts, checks, written statements, affidavits, transcripts, diaries, summaries, examinations, investigations, interviews, reports of examinations, accounts,

accountings, books of account, worksheets, notes, writing of any kind, copies of any of the foregoing, and also meaning any information which is stored or carried electronically on computer equipment, tape recorder or otherwise.

3. "Communication" means writing, telephone conversations and oral conversations.

4. "Identify:"

a. When used in reference to an individual, means to state his full name, if known, his present or last known position and business affiliation, and his residential address.

b. When used in reference to a corporation, firm or other entity, means to state its full name, form of organization (if known), and its present or last known address.

c. When used in reference to a document or books or records, means to state the type of document (e.g., letter, memorandum, telegram, chart, contract, prospectus, newspaper article, or the like) or some other means of identification, its author or authors, addressee or addressees, its date, its subject, its present location by address and its custodian. If such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

d. When used in reference to a telephone conversation, means to state the full name (if known), business affiliation and business address at the time, present or last known position and residential address of each party to the telephone conversation, the location of each such party at the time the telephone conversation took place, which of the parties to the

DOCSBHM\1718734\1\      2

Case 10-00097  Doc 2  Filed 10/08/10  Entered 10/08/10 18:20:52  Desc Main
Document  Page 117 of 185

telephone conversation initiated the telephone call and when such telephone conversation took place.

e.  When used in reference to an oral conversation other than a telephone conversation, means to state when such conversation took place, where such conversation took place, and the full name (if known) and the present or last known position, business affiliation and residential address of each party to such conversation.

5.  "Property" means the real property at issue in this case, located at 12240 Sandy Creek Drive, Foley, Alabama 36535.

6.  "Mortgage" means the mortgage at issue in this case as referred to in Paragraph 3 of the Complaint.

## INSTRUCTIONS

1.  For each document identified herein or otherwise referred to in your answers to these interrogatories which is no longer in existence, please state how such document passed out of existence and identify each person having knowledge concerning its disposition.

2.  Unless otherwise specified, each interrogatory herein relates to, covers and requests information for any and all periods prior to the date answers are filed and requires a continuing answer.

3.  As specified by the Alabama Rules of Civil Procedure, these interrogatories shall be deemed to be continuing so as to require supplemental answers, and each supplemental answer required to maintain the accuracy and completeness of Counterclaim Defendant/Counter-Plaintiff's answers shall be served upon counsel for the Plaintiff/Counter-Defendant at reasonable intervals.

4.     With respect to any document requested or referred to in your answers to these interrogatories that Defendant/Counter-Plaintiff withholds from production on the ground of privilege, Defendant/Counter-Plaintiff's response should set forth an identification of each such document, specifying its author and addressee(s), the person(s) to whom copies were furnished, its date, its subject matter and the basis of Defendant/Counter-Plaintiff's claim of privilege.

## INTERROGATORIES

1.     Identify each and every person or persons answering these interrogatories on your behalf.

2.     Identify each person you expect to call as a witness in the trial of this cause, by name, address, telephone number, occupation, and employer.

3.     State the name, address, and qualifications of each and every expert witness or person you expect to call as an expert witness at trial and, with respect to each such expert witness:

    a.    State the subject matter on which each expert witness is expected to testify;
    b.    State the substance of the facts and opinions to which each and every expert is expected to testify; and
    c.    State a summary of the grounds of each opinion held by each and every said expert.

4.     Identify each document which you intend to introduce as evidence at the trial of this cause.

5.     Identify by name, address, phone number, occupation, and employer, each person having knowledge of discoverable facts relating to the subject matter of this lawsuit.

6.     Identify any and all persons living in the Property by identifying the person's name and age, if known.

7.      Identify all relatives, whether by blood or marriage, who are over the age of nineteen (19) years, and reside in Baldwin County, by listing the full name, address, telephone number, occupation, and employer of each.

8.      Identify each and every employee or representative of Beneficial Alabama, Inc. with whom you claim to have communicated about the loan at issue in this case.

9.      Identify each and every employee or representative of HSBC Mortgage Corporation with whom you claim to have communicated about the loan at issue in this case.

10.     Identify all persons, businesses, or professionals (other than attorneys) you have spoken with concerning your mortgage loan or to obtain assistance with respect to making payments or modifying your mortgage loan.

11.     Identify each and every payment you have made on the debt at issue in this case by stating the payee, to whom payment was made, the date of each payment, and the amount of each payment.

12.     Identify any doctor, counselors, psychologists, other professionals, or persons you have met with regarding any emotional injuries/damages and mental anguish that you claim to have suffered.

13.     Identify any and all modification agreements you entered into with Plaintiff/Counter-Defendant by providing the date and the terms of the modification agreement.

14.     Identify each and every fact that supports your claim that Beneficial Alabama, Inc. lacked standing to foreclose on the Property.

15.     Identify all of Beneficial actions which you claim were wrongful or tortious.

16.     Identify any and all laws, codes, statutes, rules, regulations, and/or contractual provisions Defendant/Counter-Plaintiff claims that Beneficial violated.

17.     State whether you have ever filed bankruptcy, and if so, please provide the date bankruptcy was filed, the chapter of the Bankruptcy Code under which the bankruptcy was filed, the court in which bankruptcy was filed, and the case number.

18.     Identify each and every fact which supports your contention in Paragraph 7 of the Counterclaim that the foreclosure was void.

19.     Identify each and every fact which supports your contention in Paragraph 8(c) that the default was exaggerated, inflated and based upon improper and illegal mortgage servicing practices.

20.     Identify each and every fact which supports your contention in Paragraph 8(d) that the foreclosure was completed by fraud, deceit or trickery.

21.     Identify each and every fact which supports your contention in Paragraph 8(e) that Beneficial failed to strictly comply with notice, time and place and other legal provisions of Alabama law during the foreclosure.

22.     State when, if ever, you notified Beneficial that you were no longer receiving mail at the Property address.

23.     Are you aware that your answers to these interrogatories are given under oath, that you have an obligation to conduct a diligent search to locate and produce the documents and things responsive to the requests for production, and that you have a continuing obligation to seasonably supplement your responses to these interrogatories and requests for production should you later discover that any of your responses are inaccurate, incomplete, or misleading in any way?

## REQUESTS FOR PRODUCTION

1. Produce a copy of the résumé, C.V. and/or *vitae* of each and every expert listed in response to Interrogatory No. 3.

2. Produce a copy of any and all reports, documents, correspondence, notes, or memoranda prepared by each and every expert you intend to call as a witness at the trial of this case.

3. Produce a copy of each and every letter, memorandum, document, report, record, or correspondence which you allege supports any claims for damages that you claim to have suffered in this case.

4. Produce a copy of each and every document identified in response to Interrogatory No. 4.

5. Produce a copy of each and every letter, memorandum, document, report, record, or correspondence which you allege supports your claims in this case.

6. Produce a copy of any and all documents, correspondence, notes, or memoranda provided to each and every expert you intend to call as a witness at the trial of this case.

7. Produce a copy of any and all evidence you claim reflects payments made on the debt at issue in this case including, but not limited to, copies of bank statements, Western Union receipts, cancelled checks, and check registers.

8. Produce a copy of any and all evidence you claim supports your contention that the note and/or mortgage at issue are not in default.

Case 10-00097    Doc 2    Filed 10/08/10    Entered 10/08/10 18:20:52    Desc Main
                  Document    Page 122 of 185

9.      Produce a copy of each and every letter, memorandum, document, report, record, or correspondence between you and Beneficial.

10.     Produce a copy of each and every letter, memorandum, document, report, record, or correspondence between you and HSBC Mortgage Corporation.

11.     Produce a copy of any and all videos and/or recordings you have made regarding any aspect of the facts that form the basis of the Counterclaim.

12.     Produce a copy of any and all documents you have signed or entered into with Beneficial, including, but not limited to, any repayment or loan modification agreements signed by you.

13.     Produce a copy of any and all documents you have signed or entered into with HSBC Mortgage Corporation, including, but not limited to, any repayment or loan modification agreements signed by you.

14.     Produce a copy of any documents signed by You concerning the purchase of the Property.

15.     Produce a copy of any mortgage on the Property whether with Beneficial or otherwise.

16.     Produce a copy of any lease or rental agreements on the Property.

17.     Produce a copy of any audio or video recordings You have in your possession that relate in any way to the Complaint or the Counterclaim.

/s/ Marcus M. Maples
Greggory M. Deitsch (DEI001)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

Earl P. Underwood, Esq.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532

/s/ Marcus M. Maples_____
OF COUNSEL

ELECTRONICALLY FILED
7/30/2010 12:28 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| BENEFICIAL ALABAMA, INC., | ) |
| | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| V. | ) |
| | ) |
| | ) |
| JAMES R. DRIGGERS, | ) CIVIL ACTION NO. CV 2010-900867 |
| Defendant/Counter-Plaintiff, | ) |
| V. | ) |
| | ) |
| | ) |
| BENEFICIAL ALABAMA, INC. | ) |
| Counterclaim Defendant. | ) |

## NOTICE OF TAKING DEPOSITION OF
## DEFENDANT/COUNTER-PLAINTFF, JAMES R. DRIGGERS

TO:      Earl P. Underwood, Esq.
           Underwood & Riemer, PC
           21 South Section Street
           Fairhope, Alabama 36532

PLEASE TAKE NOTICE that **at a mutually convenient date and time**, counsel for Plaintiff/Counter-Defendant, Beneficial Alabama, Inc., will take the deposition of **JAMES R. DRIGGERS** (hereinafter "Deponent"), at the law offices of Sirote & Permutt, P.C., 2311 Highland Avenue North, Birmingham, AL 35205, **or at some other mutually convenient place**, upon oral examination before a Notary Public or some other officer authorized by law to administer oaths. This deposition shall be taken for the purpose of discovery or for use as evidence in this case and will continue from time to time until completed. At said time, you are invited to appear and take such part in the examination as shall be fit and proper.

DOCSBHM\1718729\1\

Dated this 30th day of July, 2010.


/s/ Marcus M. Maples_____
Greggory M. Deitsch (DEI001)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:  (205) 930-5100
Fax:  (205) 930-5335

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on the 30th day of July 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

    Earl P. Underwood, Esq.
    Underwood & Riemer, PC
    21 South Section Street
    Fairhope, Alabama 36532


/s/ Marcus M. Maples_____
OF COUNSEL

DOCSBHM\1718729\1\          2

Case 10-00097  Doc 2  Filed 10/08/10  Entered 10/08/10 18:20:52  Desc Main
Document   Page 126 of 185



AlaFile E-Notice

To: Earl P Underwood Jr
epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was FILED on 8/5/2010 1:59:14 PM

D001 DRIGGERS JAMES R.

MOTION TO COMPEL

[Attorney: UNDERWOOD EARL PRICE JR]

Notice Date:     8/5/2010 1:59:14 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
8/5/2010 1:59 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

# STATE OF ALABAMA
Unified Judicial System

Revised 3/5/08

Case

05-BALDWIN

☐ District Court   ☑ Circuit Court

CV20

## CIVIL MOTION COVER SHEET

BENEFICIAL ALABAMA, INC. V. JAMES R. DRIGGERS

Name of Filing Party: D001 - DRIGGERS JAMES R.

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.

☐ Oral Arguments Requested

Earl P Underwood Jr

21 South Section Street
Fairhope, AL 36532

Attorney Bar No.:   UND008

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☑ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Motion to Intervene ($297.00) | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| pursuant to Rule                    ($50.00) | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| _____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| ☐ Local Court Costs $ _____ | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐ | Date: 8/5/2010 1:57:34 PM | Signature of Attorney or Party: /s Earl P Underwood Jr |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fees.

ELECTRONICALLY FILED
8/5/2010 1:59 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **Beneficial Alabama Inc.** | * |
| | * |
| **Plaintiff/Counter-Defendant,** | * |
| | * |
| **v.** | *    **CV-2010-900867** |
| | * |
| **James R. Driggers,** | * |
| | * |
| **Defendant/Counter-Plaintiff,** | * |
| | * |
| **v.** | * |
| | * |
| **Beneficial Alabama, Inc.,** | * |
| | * |
| **Counterclaim Defendant.** | * |

## MOTION FOR ORDER COMPELLING COMPLIANCE
## WITH DEFRNDANT'S DISCOVERY REQUESTS TO PLAINTIFF

Comes now the Counter-Plaintiff, by and through the undersigned and moves this Court for an order compelling Counter-Defendant to answer his First Set of Interrogatories and Request for Production of Documents. Driggers has received no response from Counter-Defendant to any of his interrogatories or requests for production. Driggers has attempted to obtain meaningful responses to this discovery without court intervention as described below:

**FACTS RELEVANT TO THIS MOTION**

1.      On July 22nd 2010, Driggers served his First Interrogatories, First Request for Production, Witness Deposition Notice and 30(b)(6) Deposition Notice on Beneficial.

2.      Before and discovery was exchanged Beneficial filed a motion for summary judgment and the same is set for hearing on August 24th 2010.

3.      Plaintiff requested a deposition dates on July 7th of Beneficial's affiant, one Magda Awad and for the corporate designee of Beneficial.

4.      Plaintiff requested discovery responses again by email on July 27th 2010.

5.      On July 29th Plaintiff requested that the summary judgment motion be withdrawn until discovery was completed and Plaintiff refused.

6.      As of the date of this motion, Driggers has received no further response whatsoever from Beneficial concerning the outstanding discovery.

**WHEREFORE**, Counter-Plaintiff respectfully requests that the Court enter an order compelling Counter-Defendant to fully answer said discovery within a reasonable amount of time as determined by the Court or suffer appropriate sanctions.

Respectfully submitted this 5th of August 2010.


/s/ Earl P. Underwood, Jr.
**EARL P. UNDERWOOD, JR.(UND008)**
**Attorney for Driggers**


**Underwood & Riemer, PC**
**21 South Section Street**
**Fairhope, AL  36532**
**251-990-5558 (voice)**
**251-990-0626 (fax)**
**epunderwood@gmail.com**

CERTIFICATE OF SERVICE

I hereby certify that on 5th of August 2010, I electronically filed the foregoing with the Clerk of the Court using the Alafile system which will send notification of such filing to the following:

Marcus M Maples
Sirote & Permutt, PC
2311 Highland Avenue S
Birmingham AL 35250

Greggory M. Deitsch
Sirote & Permutt, PC
2311 Highland Ave. S.
Birmingham AL 35250


 s/Earl P. Underwood, Jr.

Earl P. Underwood, Jr.



AlaFile E-Notice

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To:   Earl P Underwood Jr
       epunderwood@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was FILED on 8/5/2010 4:56:31 PM

D001 DRIGGERS JAMES R.

RESPONSE TO MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56

[Attorney: UNDERWOOD EARL PRICE JR]


Notice Date:        8/5/2010 4:56:31 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
8/5/2010 4:56 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| **Beneficial Alabama Inc.** | * | |
| | * | |
| **Plaintiff/Counter-Defendant,** | * | |
| | * | |
| **v.** | * | **CV-2010-900867** |
| | * | |
| **James R. Driggers,** | * | |
| | * | |
| **Defendant/Counter-Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **Beneficial Alabama, Inc.,** | * | |
| | * | |
| **Counterclaim Defendant.** | * | |

## NOTICE OF FILING ADDITIONAL AFFIDAVIT
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Comes now James Driggers and files the affidavit of Denise Lehner, attached hereto as

Ex. A, in further support of his opposition to Plaintiff's Motion for Summary Judgment.


Respectfully submitted,

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UND008)
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
251-990-5558
251-990-0626 (fax)
epunderwood@gmail.com

<u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via Alafile or by U.S. first-class mail, postage prepaid, the 5th day of August, 2010:

Greggory M. Deitsch
Sirote & Permutt, P.C.
PO Box 55828
Birmingham, AL 35255

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| **Beneficial Alabama Inc.** | * | |
| | * | |
| **Plaintiff/Counter-Defendant,** | * | |
| | * | |
| v. | * | **CV-2010-900867** |
| | * | |
| **James R. Driggers,** | * | |
| | * | |
| **Defendant/Counter-Plaintiff,** | * | |
| | * | |
| v. | * | |
| | * | |
| **Beneficial Alabama, Inc.,** | * | |
| | * | |
| **Counterclaim Defendant.** | * | |

### AFFIDAVIT

STATE OF ALABAMA      **

    **

BALDWIN COUNTY      **

Before me, a Notary Public, in and for said County and said State, personally appeared Denise C. Lehner who is known to me and who, by me first duly sworn, deposes and says as follows:

My name is Denise C. Lehner I am a paralegal with Underwood & Riemer PC, counsel for James R. Driggers. On or about July 23, 2010, I prepared and mailed an empty envelope to our client, Mr. James R. Driggers, addressed to 12240 Sandy Creek Road, Foley, AL 36535-4870. This is the street address of his home. On August 2, 2010 the same envelope was returned to our office and is attached hereto as Exhibit "A." When the envelop was returned it had a label on it from the postal service dated July 29, 2010, which stated, "Return to Sender. No Mail Receptacle. Unable to Forward."

_(signature)_

Denise C. Lehner

Sworn to and subscribed before me
this 5 day of August 2010.

_(signature)_

Notary Public

My commission expires     My Commission Expires
                           08-01-2012



AlaFile E-Notice

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was FILED on 8/10/2010 11:34:29 AM

C001 BENEFICIAL ALABAMA, INC.
RESPONSE TO MOTION TO COMPEL
[Attorney: MAPLES MARCUS MONTE]

Notice Date:      8/10/2010 11:34:29 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
8/10/2010 11:34 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC., )
)
)
    Plaintiff/Counter-Defendant, )
)
)
)
JAMES R. DRIGGERS, )    CIVIL ACTION NO. CV 2010-900867
    Defendant/Counter-Plaintiff, )
V. )
)
)
BENEFICIAL ALABAMA, INC. )
    Counterclaim Defendant. )

## BENEFICIAL ALABAMA, INC'S RESPONSE IN OPPOSITION TO JAMES R. DRIGGARS' MOTION TO COMPEL

COMES NOW, Plaintiff/Counter-Defendant, Beneficial Alabama, Inc., ("Beneficial") files this Motion in opposition to Defendant/Counter-Plaintiff, James R. Driggars', ("Driggars") request for an Order compelling Beneficial to answer Driggars' First Interrogatories and Request for Production. In support of this Motion, Beneficial states as follows:

1.    On June 22, 2010, Driggars served Interrogatories and Request for Admissions upon Beneficial via certified mail.

2.    On June 23, 2010, Driggars served Request for Production upon Beneficial via certified mail.

3.    Pursuant to Rules 33, 34 and 36 of the Alabama Rules of Civil Procedure, Beneficial's responses and/or objections were due thirty (30) days from the date of service.

Therefore, Beneficial's Responses to the Interrogatories and Request for Admissions were due on or before July 22, 2010 and its' responses and/or objections to the Request for Production were due on July 23, 2010.

4.      On July 21, 2010, Beneficial timely filed its Responses to the Request for Admissions. Therefore, the only discovery at issue is Beneficial's Responses to Driggars' Interrogatories and Request for Production.[1]

5.      On July 21, 2010, the undersigned Counsel wrote to Counsel for Driggars requesting an extension of time until August 21, 2010 for filing its responses to the Interrogatories and Request for Production. A copy of the letter dated July 21, 2010 is attached hereto as Exhibit A.

6.      Beneficial does not dispute that it did not file its responses to the Interrogatories and Request for Production within the time proscribed under the Alabama rules. However, prior to moving for an order compelling Beneficial's responses, Rule 37(a)(2) of the Alabama Rules of Civil Procedure requires that Driggars "endeavor[] to resolve the subject of the discovery motion through correspondence or discussions with opposing counsel . . ." ALA. R. CIV. P. 37(a)(2).

7.      In Driggars' Motion at paragraph 5, he alleges that Beneficial denied his request to withdraw the motion for summary judgment until discovery was complete.[2] See Motion to Compel, ¶5. This statement is a mischaracterization of the facts. On June 29, 2010, Counsel for Driggars requested that the motion for summary judgment be withdrawn. See

---

[1] In Driggars' Motion to Compel, he alleges that he requested dates for the deposition of Magda Awad, the affiant of Beneficial's affidavit in support of its Motion for Summary Judgment. See Paragraph 3 of the Motion to Compel. However, Driggars' Motion does not request an order compelling the deposition of Magda Award. Therefore, Driggars' prior request for deposition dates is not relevant to the Court's analysis of this issue.

[2] The Motion to Compel states that "**Plaintiff** requested that the summary judgment motion be withdrawn until discovery was completed and Plaintiff refused." See Paragraph 5, Motion to Compel. The undersigned counsel must assume that the use of "plaintiff" shown in bold is a typo and that Driggars intended this to refer to himself.

2

DOCSBHM\1725880\1

attached correspondence between Marcus M. Maples and Earl Underwood, dated July 29, 2010 attached hereto as Exhibit B. That same day the undersigned counsel of record advised Counsel for Driggars that instead of withdrawing the motion for summary judgment, Beneficial was willing to continue the hearing on the motion until the next setting to allow additional time to resolve the discovery issues. See attached correspondence between Marcus M. Maples and Earl Underwood, dated July 29, 2010 attached hereto as Exhibit C.

8.      In responses, Counsel for Driggars stated that he did not want the motion for summary judgment "hanging over [his] head" and "would agree to continue [the motion for summary judgment] until we complete discovery". See attached correspondence between Marcus M. Maples and Earl Underwood, dated July 29, 2010 attached hereto as Exhibit D.

9.      At that point, the parties began to negotiate the length of time to continue the hearing on the motion for summary judgment. See attached correspondence between Marcus M. Maples and Earl Underwood, dated July 30-August 2, 2010 attached hereto as Exhibit E. The last correspondence regarding discovery received from Counsel for Driggars, prior to the filing of this Motion, was dated August 2, 2010, which stated that "60 days might be long enough if we get meaningful discovery response soon." *Id.* Counsel for Driggars inquired whether responses could be made available by the end of the week. *Id.* Three days later and one day prior to the end of the week, Counsel for Driggars filed this Motion to Compel.

10.     In Paragraph 6 of the Motion to Compel, Driggars alleges he received no further response whatsoever from Beneficial concerning the outstanding discovery. See Motion to Compel, ¶6. This is not true. As previously referenced, the undersigned counsel of record communicated via e-mail with Counsel for Driggars on July 29, 2010, July 30, 2010, and August 2, 2010. See Exhibits B, C, D, and E.

DOCSBHM\1725880\1

11. Despite Beneficial's position that discovery is not necessary in this case because (1) there is no genuine issue of material fact and (2) Beneficial is entitled to judgment as a matter of law, Beneficial anticipates filing its responses and/or objections to Driggars' Interrogatories and Request for Production on or before August 17, 2010. This will provide Driggars sufficient time to review the discovery responses prior to the hearing on the Motion for Summary Judgment, which is scheduled on August 24, 2010.

WHEREFORE, PREMISES CONSIDERED, Plaintiff/Counter-Defendant, Beneficial Alabama, Inc., requests that this Court deny Defendant/Counter-Plaintiff, James R. Driggars' request for an order compelling Beneficial to respond to Driggars' First Interrogatories and Request for Production because Driggars has not reasonably endeavored to resolve the subject of this discovery motion through correspondence or discussions with the undersigned counsel.

/s/ Marcus M. Maples
Greggory M. Deitsch (DEI001)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-5335

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

Earl P. Underwood, Esq.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532

/s/ Marcus M. Maples_____
OF COUNSEL

DOCSBHM\1725880\1



ELECTRONICALLY FILED
8/10/2010 11:34 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

# EXHIBIT "A"



**MARCUS M. MAPLES**

ATTORNEY AT LAW

(205) 930-5144

*mmaples@sirote.com*

July 21, 2010

## VIA E-MAIL & U.S. MAIL

Earl P. Underwood, Jr.
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532

Re:   Beneficial Alabama, Inc. v. Driggers, CV: 2010-900867

I am writing to determine whether you will allow my client, Beneficial America, Inc., to respond to the Interrogatories and Request for Production on or before August 21, 2010. Thank you in advance for your consideration of this request.

I look forward to hearing from you.

Sincerely,

Marcus Maples/mmp

Marcus M. Maples
FOR THE FIRM

MMM/mr
c:   Kerry P. McInerney, Esq.
     Robin L. Beardsley, Esq.

*LAW OFFICES AND MEDIATION CENTERS*
2311 HIGHLAND AVENUE SOUTH   BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727   BIRMINGHAM, ALABAMA 35255-5727
TELEPHONE | 205.930.5100     FAX | 205.930.5101     URL | *http://www.sirote.com*

# EXHIBIT "B"

**Maples, Marcus M.**

| | |
|---|---|
| **From:** | Earl P. Underwood, Jr. [epunderwood@alalaw.com] |
| **Sent:** | Thursday, July 29, 2010 2:15 PM |
| **To:** | Maples, Marcus M. |
| **Subject:** | Driggers, James v Beneficial;-- Discovery |

Marcus:

Have you guys given any thought to withdrawing your summary judgment in this case? Please let me know as I will have to file a motion to compel Monday depositions and discovery unless there is an agreement to withdraw it.

Please advise. Thanks:

Earl P. Underwood, Jr.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532
251-990-5558
epunderwood@alalaw.com

# EXHIBIT "C"

**Maples, Marcus M.**

| | |
|---|---|
| **From:** | Maples, Marcus M. |
| **Sent:** | Thursday, July 29, 2010 6:25 PM |
| **To:** | 'Earl P. Underwood, Jr.' |
| **Subject:** | RE: Driggers, James v Beneficial;-- Discovery |

Earl,

Instead of withdrawing the motion for summary judgment, how about we continue in until the next setting. That will give us some additional time to get the discovery issues resolved.

Let me know your thoughts on this.

**From:** Earl P. Underwood, Jr. [mailto:epunderwood@alalaw.com]
**Sent:** Thursday, July 29, 2010 2:15 PM
**To:** Maples, Marcus M.
**Subject:** Driggers, James v Beneficial;-- Discovery

Marcus:

Have you guys given any thought to withdrawing your summary judgment in this case? Please let me know as I will have to file a motion to compel Monday depositions and discovery unless there is an agreement to withdraw it.

Please advise. Thanks:

Earl P. Underwood, Jr.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532
251-990-5558
epunderwood@alalaw.com

# EXHIBIT "D"

**Maples, Marcus M.**

| | |
|---|---|
| **From:** | Earl P. Underwood, Jr. [epunderwood@alalaw.com] |
| **Sent:** | Thursday, July 29, 2010 9:11 PM |
| **To:** | Maples, Marcus M. |
| **Subject:** | Re: Driggers, James v Beneficial;-- Discovery |

Well, I don't want it hanging over my head. I would agree to continue it until we complete discovery.

On 7/29/2010 6:25 PM, Maples, Marcus M. wrote:
Earl,

Instead of withdrawing the motion for summary judgment, how about we continue in until the next setting. That will give us some additional time to get the discovery issues resolved.

Let me know your thoughts on this.

**From:** Earl P. Underwood, Jr. [mailto:epunderwood@alalaw.com]
**Sent:** Thursday, July 29, 2010 2:15 PM
**To:** Maples, Marcus M.
**Subject:** Driggers, James v Beneficial;-- Discovery

Marcus:

Have you guys given any thought to withdrawing your summary judgment in this case? Please let me know as I will have to file a motion to compel Monday depositions and discovery unless there is an agreement to withdraw it.

Please advise. Thanks:

Earl P. Underwood, Jr.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532
251-990-5558
epunderwood@alalaw.com

# EXHIBIT "E"

| | |
|---|---|
| **From:** | Earl P. Underwood, Jr. [epunderwood@alalaw.com] |
| **Sent:** | Monday, August 02, 2010 11:24 AM |
| **To:** | Maples, Marcus M. |
| **Subject:** | RE: Driggers, James v Beneficial;-- Discovery |
| | |
| **Categories:** | *Red Category |

60 days might be long enough if we get meaningful got discovery responses soon. When could your clients respond? This week?

**From:** Maples, Marcus M. [mailto:mmaples@sirote.com]
**Sent:** Monday, August 02, 2010 11:20 AM
**To:** 'Earl P. Underwood, Jr.'
**Subject:** RE: Driggers, James v Beneficial;-- Discovery

Earl,

My client will not agree to a continuance for 180 days.  My client is willing to continue the hearing for 60 days (15 days longer than previously offered).  That will be plenty of time to serve and review discovery responses and to take any depositions.

If you would like to keep the hearing date for later this month and proceed with your motion to compel, that's fine.

I look forward to hearing from you.

**From:** Earl P. Underwood, Jr. [mailto:epunderwood@alalaw.com]
**Sent:** Friday, July 30, 2010 11:37 AM
**To:** Maples, Marcus M.
**Subject:** RE: Driggers, James v Beneficial;-- Discovery

If you can get 180 days I would agree to that.

**From:** Maples, Marcus M. [mailto:mmaples@sirote.com]
**Sent:** Friday, July 30, 2010 11:28 AM
**To:** 'Earl P. Underwood, Jr.'
**Subject:** RE: Driggers, James v Beneficial;-- Discovery

I don't think my client will agree to that.  Can we agree to continue it for 45 days and then re-address this issue based on the state of discovery at that time.

**From:** Earl P. Underwood, Jr. [mailto:epunderwood@alalaw.com]
**Sent:** Thursday, July 29, 2010 9:11 PM
**To:** Maples, Marcus M.
**Subject:** Re: Driggers, James v Beneficial;-- Discovery

Well, I don't want it hanging over my head. I would agree to continue it until we complete discovery.

On 7/29/2010 6:25 PM, Maples, Marcus M. wrote:
Earl,

Instead of withdrawing the motion for summary judgment, how about we continue in until the next setting. That will give us some additional time to get the discovery issues resolved.

Let me know your thoughts on this.

---

**From:** Earl P. Underwood, Jr. [mailto:epunderwood@alalaw.com]
**Sent:** Thursday, July 29, 2010 2:15 PM
**To:** Maples, Marcus M.
**Subject:** Driggers, James v Beneficial;-- Discovery

Marcus:

Have you guys given any thought to withdrawing your summary judgment in this case? Please let me know as I will have to file a motion to compel Monday depositions and discovery unless there is an agreement to withdraw it.

Please advise. Thanks:

Earl P. Underwood, Jr.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532
251-990-5558
epunderwood@alalaw.com



AlaFile E-Notice

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

A court action was entered in the above case on 8/10/2010 3:57:06 PM

D001 DRIGGERS JAMES R.

COMPEL

[Attorney: UNDERWOOD EARL PRICE JR]

Disposition:     GRANTED
Judge:           REW

Notice Date:     8/10/2010 3:57:06 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
8/10/2010 3:57 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

| | | |
|---|---|---|
| BENEFICIAL ALABAMA, INC., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Case No.: CV-2010-900867.00 |
| | ) | |
| DRIGGERS JAMES R., | ) | |
| Defendants. | ) | |

**ORDER**

MOTION TO COMPEL filed by DRIGGERS JAMES R. is hereby GRANTED. BENEFICIAL TO PROVIDE DISCOVERY BY 8/17/2010.

**DONE this 10th day of August, 2010.**

/s **ROBERT WILTERS**  
**CIRCUIT JUDGE**



AlaFile E-Notice

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was FILED on 8/18/2010 12:18:41 PM

C001 BENEFICIAL ALABAMA, INC.

MOTION TO CONTINUE

[Attorney: MAPLES MARCUS MONTE]

Notice Date:     8/18/2010 12:18:41 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
8/18/2010 12:18 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

# STATE OF ALABAMA

Unified Judicial System

Revised 3/5/08

05-BALDWIN

☐ District Court  ☑ Circuit Court

Case

CV20

## CIVIL MOTION COVER SHEET

BENEFICIAL ALABAMA, INC. V. JAMES R. DRIGGERS

Name of Filing Party: C001 - BENEFICIAL ALABAMA, INC.

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.

MARCUS MONTE MAPLES MR.

P.O. Box 55727
Birmingham, AL 35255

☐ Oral Arguments Requested

Attorney Bar No.:  MAP010

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| | ☐ Amend |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| | ☑ Continue |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Motion to Intervene ($297.00) | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Other _____ | ☐ Objection of Exemptions Claimed |
| pursuant to Rule ($50.00) | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| _____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| ☐ Local Court Costs $ _____ | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>8/18/2010 12:18:16 PM | Signature of Attorney or Party:<br><br>/s MARCUS MONTE MAPLES MR. |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
8/18/2010 12:18 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **BENEFICIAL ALABAMA, INC.,** | ) |
| | ) |
| | ) |
|     **Plaintiff/Counter-Defendant,** | ) |
| **V.** | ) |
| | ) |
| | ) |
| **JAMES R. DRIGGERS,** | )     **CIVIL ACTION NO. CV 2010-900867** |
|     **Defendant/Counter-Plaintiff,** | ) |
| **V.** | ) |
| | ) |
| | ) |
| **BENEFICIAL ALABAMA, INC.** | ) |
|     **Counterclaim Defendant.** | ) |

## <u>BENEFICIAL ALABAMA, INC'S MOTION TO CONTINUE</u>

COMES NOW, Plaintiff/Counter-Defendant, Beneficial Alabama, Inc., ("Beneficial") and files this Motion to Continue the hearing on Beneficial's Motion for Summary Judgment, which is scheduled for August 24, 2010, and to continue the deadline for Beneficial's Response to Defendant/Counter-Plaintiff, James R. Driggars', ("Driggars") First Interrogatories and Request for Production. In support of this Motion, Beneficial states as follows:

1.    On August 10, 2010, this Court compelled Beneficial to respond to Driggars' discovery requests by August 17, 2010.

2.    Beneficial is diligently working to prepare its discovery responses. However, Beneficial is unable to adequately respond at this time. Beneficial anticipates filing its responses to Driggars' discovery requests on or before September 17, 2010.

3.    Beneficial requests that this Court continue the deadline for Beneficial's discovery responses to September 17, 2010.

DOCSBHM\1728237\1\

4.     Beneficial previously filed its Motion for Summary Judgment.  Said motion is scheduled for a hearing on August 24, 2010.

5.     Beneficial requests that this Court continue the hearing to a date to be determined later by Beneficial's filing of a motion to schedule a hearing.

6.     The parties to this action will not be prejudiced by the requested continuance.

WHEREFORE, PREMISES CONSIDERED, Plaintiff/Counter-Defendant, Beneficial Alabama, Inc., requests that this Court continue the deadline for the filing of Beneficial's responses to Defendant/Counter-Plaintiff, James R. Driggars' First Interrogatories and Request for Production to September 17, 2010 and to continue the hearing on the motion for summary judgment to a date to be determined later by Beneficial's filing of a motion to schedule a hearing.  Beneficial requests any other and further relief this Court deems necessary.

/s/ Marcus M. Maples_____
Greggory M. Deitsch (DEI001)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:  (205) 930-5100
Fax:  (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

      Earl P. Underwood, Esq.
      Underwood & Riemer, PC
      21 South Section Street
      Fairhope, Alabama 36532


                                    /s/ Marcus M. Maples_____
                                    OF COUNSEL



AlaFile E-Notice

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: DEITSCH GREGGORY MICHAEL
gdeitsch@sirote.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was SET FOR HEARING

C001 BENEFICIAL ALABAMA, INC.

SUMMARY JUDGMENT PURSUANT TO RULE 56 ($50.00)

[Attorney: DEITSCH GREGGORY M]

Hearing Date:     10/19/2010
Hearing Time:     09:00:00 AM
Location:         8

Notice Date:      8/20/2010 8:55:57 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



AlaFile E-Notice

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: MCINERNEY KERRY PATRICK
kmcinerney@sirote.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was SET FOR HEARING

C001 BENEFICIAL ALABAMA, INC.

SUMMARY JUDGMENT PURSUANT TO RULE 56 ($50.00)

[Attorney: DEITSCH GREGGORY M]

Hearing Date:     10/19/2010
Hearing Time:     09:00:00 AM
Location:         8

Notice Date:      8/20/2010 8:55:57 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



AlaFile E-Notice

To: MARK ROBIN BEARDSLEY
rbeardsley@sirote.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was SET FOR HEARING

C001 BENEFICIAL ALABAMA, INC.

SUMMARY JUDGMENT PURSUANT TO RULE 56 ($50.00)

[Attorney: DEITSCH GREGGORY M]

Hearing Date:     10/19/2010
Hearing Time:     09:00:00 AM
Location:         8

Notice Date:      8/20/2010 8:55:57 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



AlaFile E-Notice

To: MAPLES MARCUS MONTE'
mmaples@sirote.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was SET FOR HEARING

C001 BENEFICIAL ALABAMA, INC.

SUMMARY JUDGMENT PURSUANT TO RULE 56 ($50.00)

[Attorney: DEITSCH GREGGORY M]

Hearing Date:     10/19/2010
Hearing Time:     09:00:00 AM
Location:         8

Notice Date:      8/20/2010 8:55:57 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov



AlaFile E-Notice

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following matter was SET FOR HEARING

C001 BENEFICIAL ALABAMA, INC.

SUMMARY JUDGMENT PURSUANT TO RULE 56 ($50.00)

[Attorney: DEITSCH GREGGORY M]

Hearing Date: 10/19/2010
Hearing Time: 09:00:00 AM
Location: 8

Notice Date: 8/20/2010 8:55:57 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
8/20/2010 8:50 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

| | |
|---|---|
| BENEFICIAL ALABAMA, INC., | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Case No.: CV-2010-900867.00 |
| | ) |
| DRIGGERS JAMES R., | ) |
| Defendants. | ) |

**ORDER**

MOTION TO CONTINUE filed by BENEFICIAL ALABAMA, INC. is hereby GRANTED.
CASE IS CONTINUED TO 10/19/2010 @ 9 AM IN BAY MINETTE.

**DONE this 20th day of August, 2010.**

**/s ROBERT WILTERS**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
9/10/2010 10:57 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC.,    )
    )
    )
        **Plaintiff/Counter-Defendant,**    )
    )
V.    )
    )
    )
JAMES R. DRIGGERS,    )    **CIVIL ACTION NO. CV 2010-900867**
    )
        **Defendant/Counter-Plaintiff,**    )
    )
V.    )
    )
    )
BENEFICIAL ALABAMA, INC.    )
    )
    **Counterclaim Defendant.**    )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TAKE NOTICE that the undersigned has served on all parties through service by United States Mail upon its counsel, on September 10, 2010 the following:

[ X ]   Beneficial Alabama, Inc.'s Responses to Driggers' Interrogatories; and

[ X ]   Beneficial Alabama, Inc.'s Responses to Driggers' Request for Production.


                       s/ Marcus M. Maples_____
                       Greggory M. Deitsch (DEI001)
                       Robin Beardsley Mark (BEA066)
                       Marcus M. Maples (MAP010)
                       Attorneys for Plaintiff/Counter-
                       Defendant/Counterclaim Defendant
                       BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:  (205) 930-5100
Fax:  (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

Earl P. Underwood, Esq.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532

s/ Marcus M. Maples_____
OF COUNSEL

AlaFile E-Notice

05-CV-2010-900867.00

To: MARCUS MONTE MAPLES MR.
mmaples@sirote.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

**BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS**
**05-CV-2010-900867.00**

The following discovery was FILED on 9/10/2010 10:57:58 AM

Notice Date: 9/10/2010 10:57:58 AM

**JODY WISE CAMPBELL**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
9/10/2010 10:57 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| BENEFICIAL ALABAMA, INC., | ) |
| | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| V. | ) |
| | ) |
| | ) |
| JAMES R. DRIGGERS, | )    CIVIL ACTION NO. CV 2010-900867 |
| Defendant/Counter-Plaintiff, | ) |
| V. | ) |
| | ) |
| | ) |
| BENEFICIAL ALABAMA, INC. | ) |
| Counterclaim Defendant. | ) |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TAKE NOTICE that the undersigned has served on all parties through service by United States Mail upon its counsel, on September 10, 2010 the following:

[ X ]    Beneficial Alabama, Inc.'s Responses to Driggers' Interrogatories; and

[ X ]    Beneficial Alabama, Inc.'s Responses to Driggers' Request for Production.

s/ Marcus M. Maples

Greggory M. Deitsch (DEI001)
Robin Beardsley Mark (BEA066)
Marcus M. Maples (MAP010)
Attorneys for Plaintiff/Counter-
Defendant/Counterclaim Defendant
BENEFICIAL ALABAMA, INC.

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:  (205) 930-5100
Fax:  (205) 930-5335

DOCSBHM\1723003\1\

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2010, I electronically filed the foregoing with the Clerk of Court using the Alafile e-filing system which will send notification of such filing to the following:

Earl P. Underwood, Esq.
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532

s/ Marcus M. Maples_____
OF COUNSEL

# IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| Beneficial Alabama, Inc., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 2010-900867 |
| | * | |
| James R. Driggers, | * | |
| | * | |
| Defendant/Counter-Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Beneficial Alabama, Inc., | * | |
| | * | |
| Counterclaim Defendant. | * | |

TO:    Postmaster
        United States Post Office
        150 East Laurel Ave.
        Foley, AL 36535

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

PLEASE TAKE NOTICE that upon the expiration of fifteen (15) days (or such other time as the Court has allowed) from the date of service of this notice, EARL P. UNDERWOOD, JR., will apply to the Clerk of this Court for issuance of the attached subpoena to Postmaster who is not a party, and whose address is U.S. Post Office, Foley, Alabama 36546 produce the documents or things at the time and place specified in the subpoena.

DATED this the 17th day of September 2010.

_____
EARL P. UNDERWOOD, Jr.
Attorney for James R. Driggers

OF COUNSEL:
UNDERWOOD & REIMER, PC
21 SOUTH SECTION STREET
FAIRHOPE, AL 36532
(251) 990-5558

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served a copy of the above Notice of Intent to Serve Subpoena on Non-party by United States Mail, properly addressed, with first class postage on this the 17th day of September 2010 and/or by electronic mail using alacourt electronic filing system to the following:

Greggory M. Deitsch
Marcus Maples
Sirote & Permutt, PC
2311 Highland Ave S.
Birmingham, AL 35255

Wilson Webb
924 3rd Ave Ste. B
Gadsden, AL 35901

Darrell C. Tucker, II
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Ave North
Birmingham AL 35203-2119

_____
EARL P. UNDERWOOD, JR.

# IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| Beneficial Alabama, Inc., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 2010-900867 |
| | * | |
| James R. Driggers, | * | |
| | * | |
| Defendant/Counter-Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Beneficial Alabama, Inc., | * | |
| | * | |
| Counterclaim Defendant. | * | |

## SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 34

TO ANY SHERIFF OR ANY OTHER PERSON AUTHORIZED BY RULE 45(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA:

You are hereby commanded to serve this Request by Certified Mail upon the following:

Postmaster
United States Post Office
150 East Laurel Ave.
Foley, AL 36535

This the _____ day of _____, 2010.


_____
CLERK

TO: Postmaster
United States Post Office
150 East Laurel Ave.
Foley, AL 36535

You are hereby notified of the following request of the Attorney for JAMES R. DRIGGERS, that you produce, within Fifteen (15) days, unless the Court orders otherwise, after service of this Subpoena, a copy of the following documents:

Any and all materials, memos or other documents, whether printed or otherwise recorded, pertaining to the payment records for James D. Driggers, P.O. Box 361, Foley, AL 36535 for the past three years.

It is requested that said documents be mailed to EARL P. UNDERWOOD, JR., 21 South Section Street, Fairhope, AL 36532.

EARL P. UNDERWOOD, JR., agrees to pay for all reasonable expenses incurred by you in connection with the production of such documents.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Dated this the 17th day of September 2010.

_____
EARL P. UNDERWOOD, JR.

OF COUNSEL:
UNDERWOOD & REIMER, PC
21 SOUTH SECTION STREET
FAIRHOPE, AL 36532
(251) 990-5558

## RETURN ON SERVICE

Received this Subpoena at _____ on _____ and on _____ at _____ I served it on the within named _____ by delivering a copy of the process and accompanying documents to him/her by Certified Mail.
Dated: _____

_____
PROCESS SERVER/CLERK

05-CV-2010-900867.00

To:   Earl P Underwood Jr
        epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following discovery was FILED on 9/29/2010 10:08:34 AM

Notice Date:        9/29/2010 10:08:34 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
9/29/2010 10:08 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| Beneficial Alabama Inc. | * |
| | * |
| Plaintiff/Counter-Defendant, | * |
| | * |
| v. | *  **CV-2010-900867** |
| | * |
| James R. Driggers, | * |
| | * |
| Defendant/Counter-Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Beneficial Alabama, Inc., | * |
| | * |
| Counterclaim Defendant. | * |

### NOTICE OF SERVICE OF DISCOVERY MATERIAL
### AND CERTIFICATE OF SERVICE

```
_____   Interrogatories to Plaintiff _____.
_____   Interrogatories to Defendant _____.
_____   Request for Production to the Defendant,_____.
_____   Request for Admission to Defendant, _____.
  XX      Defendant/Counter Plaintiff Response to Request for
          Production.
_____   Response of Request for Admissions.
_____   Notice of Deposition of:
_____   Plaintiffs Answers to Defendant Request for Admissions
```

I hereby certify that a copy of the above-designated discovery has been served upon all parties of record by electronic mail or mailing a copy of the same by United States Mail, properly addressed, with first class postage on this 29th day of September 2010.


/s/ Earl P. Underwood, Jr.
JAMES D. PATTERSON (PAT068)
EARL P. UNDERWOOD, JR. (UND008)
*Attorney for Driggers*
Underwood & Rieimer, PC
21 South Section Street
Fairhope, AL  36533-0969
(251) 990-5558 voice
(251) 990-0626 fax

AlaFile E-Notice

To:  UNDERWOOD EARL PRICE JR
     epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS
05-CV-2010-900867.00

The following discovery was FILED on 9/29/2010 10:08:34 AM

Notice Date:      9/29/2010 10:08:34 AM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
9/29/2010 10:08 AM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| Beneficial Alabama Inc. | * | |
| | * | |
| Plaintiff/Counter-Defendant, | * | |
| | * | |
| v. | * | CV-2010-900867 |
| | * | |
| James R. Driggers, | * | |
| | * | |
| Defendant/Counter-Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Beneficial Alabama, Inc., | * | |
| | * | |
| Counterclaim Defendant. | * | |

## NOTICE OF SERVICE OF DISCOVERY MATERIAL
## AND CERTIFICATE OF SERVICE

_____ Interrogatories to Plaintiff _____.

_____ Interrogatories to Defendant _____.

_____ Request for Production to the Defendant,_____.

_____ Request for Admission to Defendant, _____.

__XX__ Defendant/Counter Plaintiff Response to Request for Production.

_____ Response of Request for Admissions.

_____ Notice of Deposition of:

_____ Plaintiffs Answers to Defendant Request for Admissions

     I hereby certify that a copy of the above-designated discovery has been served upon all parties of record by electronic mail or mailing a copy of the same by United States Mail, properly addressed, with first class postage on this 29th day of September 2010.


                 /s/ Earl P. Underwood, Jr._____

                 JAMES D. PATTERSON (PAT068)

                 EARL P. UNDERWOOD, JR. (UND008)

                 *Attorney for Driggers*

                 Underwood & Rieimer, PC

                 21 South Section Street

                 Fairhope, AL  36533-0969

                 (251) 990-5558 voice

                 (251) 990-0626 fax

05-CV-2010-900867.00

Judge: ROBERT WILTERS

To: UNDERWOOD EARL PRICE JR
epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

**BENEFICIAL ALABAMA, INC. v. JAMES R. DRIGGERS**
**05-CV-2010-900867.00**

The following matter was FILED on 10/8/2010 4:40:59 PM

**D001 DRIGGERS JAMES R.**

**NOTICE OF FILING NOTICE OF REMOVAL**

[Attorney: UNDERWOOD EARL PRICE JR]

Notice Date:     10/8/2010 4:40:59 PM

**JODY WISE CAMPBELL**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

ELECTRONICALLY FILED
10/8/2010 4:40 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

# STATE OF ALABAMA

**Unified Judicial System**

Revised 3/5/08

05-BALDWIN

☐ District Court  ☑ Circuit Court

Case

CV20

## CIVIL MOTION COVER SHEET

BENEFICIAL ALABAMA, INC. V. JAMES R. DRIGGERS

*Name of Filing Party:* D001 - DRIGGERS JAMES R.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

Earl P Underwood Jr

21 South Section Street
Fairhope, AL 36532

☐ Oral Arguments Requested

*Attorney Bar No.:*  UND008

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| pursuant to Rule _____ ($50.00) | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| ☐ Local Court Costs $ _____ | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other  Notice of Filing Notice of Removal |
| | pursuant to Rule 28 U.S.C. Sec 1452(a)  (Subject to Filing Fee) |

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐

Date:

10/8/2010 4:37:34 PM

Signature of Attorney or Party:

/s Earl P Underwood Jr

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fees.

ELECTRONICALLY FILED
10/8/2010 4:40 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| Beneficial Alabama Inc., | * | |
| | * | |
| Plaintiff/Counter-Defendant, | * | |
| | * | |
| v. | * | CV-2010-900867 |
| | * | |
| James R. Driggers, | * | |
| | * | |
| Defendant/Counter-Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Beneficial Alabama, Inc., | * | |
| | * | |
| Counterclaim Defendant. | * | |

### NOTICE OF FILING NOTICE OF REMOVAL

TO:     Clerk of Circuit Court of Baldwin County, Alabama
           Circuit Court – Civil Division
           312 Courthouse Square
           Suite 10
           Bay Minette, AL 36526

Please take notice that James R. Driggers, defendant in the above styled case, has this date filed his Notice of Removal in the Office of the Clerk of the United States Bankruptcy Court for the Southern District of Alabama, a copy of which is attached hereto as Exhibit A.

Respectfully submitted this the 8th day of October, 2010.

                    /s/ Earl P. Underwood, Jr.
                    Earl P. Underwood, Jr. (UND008)
                    Underwood & Riemer, PC
                    Post Office Box 969
                    Fairhope, AL 36533-0969
                    Telephone: (251) 990-5558
                    Fax: (251) 990-0626
                    epunderwood@alalaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8th 2010, I electronically filed the foregoing with the Clerk of the Court using the alafile system which will send notification of such filing to the following:

Marcus Maples
Greggory M. Deitsch
Sirote & Permutt, PC
Po Box 55727
Birmingham AL 35255

<u>/s/Earl P. Underwood, Jr.</u>
Earl P. Underwood, Jr.

ELECTRONICALLY FILED
10/8/2010 4:40 PM
CV-2010-900867.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

**UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| James Ronald Driggers, | * |
| | * CASE NO: 10-03859 |
| Debtor, | * |
| | *       Chapter 13 |
| Beneficial Alabama, Inc., | * |
| | * |
| Plaintiff/Counter-Defendant, | * |
| | * |
| v. | *Adversary Proceeding No.: 10-00097 |
| | * |
| James R. Driggers, | * |
| | * |
| Defendant/Counter-Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Beneficial Alabama, Inc., | * |
| Counterclaim Defendant | * |
| | * |
| Counter-Defendant. | * |

## NOTICE OF REMOVAL

COMES NOW the Defendant/Counter-Plaintiff, James R. Driggers, an individual, and pursuant to 28 U.S.C. § 1452(a), files this Notice of Removal and thereby removes this action from the Circuit Court of Baldwin County, Alabama to the United States Bankruptcy Court for the Southern District of Alabama, Southern Division. This Defendant is the only defendant in the case. In support of the removal the Defendant shows as follows:

1.      This action is removable under 28 U.S.C. § 28 U.S.C. § 1452(a) because it is a civil action over which this Court has "related to" jurisdiction under the provisions of 28 U.S.C. § 1334(b).

2.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

3.      James R. Driggers, is a debtor under 11 U.S.C. § 1301 et seq., and his bankruptcy

case which is pending in this district.

4. The Plaintiff, Beneficial Alabama, Inc. has its principal place of business in Montgomery Alabama.

5. Written notice of the filing of this Notice of Removal is being sent to Plaintiffs' attorney being the only adverse party. A duplicate copy of the Notice of Removal is also being filed with the Clerk of the Circuit Court of Baldwin County as Provided by 28 U.S.C. § 1446(d).

6. The undersigned has read this Notice of Removal and to the best of the undersigned's knowledge, information and belief formed after a reasonable inquiry that it is well grounded in fact as well as warranted by existing law. The undersigned certifies that this Notice of Removal is not being interposed for any improper purpose, such as to cause unnecessary delay or needless increase of the cost of litigation.

_/s/ Earl P. Underwood, Jr.

Earl P. Underwood, Jr. (UNDEE6591)

Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
251.990.5558 (voice)
251.990.0626 (fax)
epunderwood@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on October 8th 2010, I electronically filed the foregoing with the Clerk of the Court using the ecf system which will send notification of such filing to following:

Marcus Maples
Greggory M. Deitsch
Sirote & Permutt, PC
PO Box 55727
Birmingham AL 35255

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.